## WATERTOWN ECCLESIASTICAL SOCIETY'S APPEAL FROM PROBATE.

The verdict of a jury in a civil case is not complete until it has been read to them, and they have assented to it as read.

A written verdict for the plaintiff was for "sixteen and seventy-four dollars." The clerk read it as "sixteen *hundred* and seventy-four dollars," and as such it was accepted by the court and ordered to be recorded. It was then in the same manner read again to the jury by the clerk, who said to them after reading it, "This is your verdict; so say you all;" to which they all assented. Held that the real verdict was the verdict as read and assented to, and not the verdict as written.

*D*, a sister of *O*, rendered services for him relying upon his promise to make provision for her by his will. He provided by his will that she should receive such sum, from time to time, as in the opinion of his executors should be necessary for her comfortable support. Upon a claim made by her against his estate for the services, the court charged the jury that if *O* had promised to make compensation for the services in his will and the services were rendered,

it was for them to say whether the gift by the will was a sufficient compensation. Held, upon motion of the adverse party for a new trial, to be no error. *D* testified that *O*, several years before his death, had said to her that he could not then pay for her services, but would make provision for payment in his will; and that on being asked by her a few days before his death as to how she was to get her pay, he told her that he had bequeathed his property to her. The adverse party asked the court to instruct the jury as matter of law that this declaration was insufficient to remove the bar of the statute of limitations. The court charged that the jury might consider it, and if from it they found that *O* promised to pay in that mode for the services of *D*, her claim was relieved from the operation of the statute. Held to be no error.

APPEAL from the doings of commissioners on the estate of Orlando Fenn, in allowing a claim of Delia Fenn against the estate; brought to the Superior Court in Litchfield County, and tried to the jury before *Sanford, J.* Verdict for the appellee, and motion for a new trial by the appellants. There was also a motion in arrest of judgment, which the court overruled, and which was brought before this court by a motion in error. The case is fully stated in the opinion.

*H. B. Graves* and *E. W. Seymour*, in support of the motions.

*C. B. Andrews* and *A. P. Bradstreet*, contra.

PARDEE, J. Orlando Fenn died in 1876, leaving a will by which he devised his entire estate to the First Ecclesiastical Society and Church in Watertown, upon condition that his executors should take possesion of, hold, manage and control it during the life of his sister, Delia Fenn, and pay to her so much thereof as she should, in their judgment, at any time need for her comfortable and proper support, and at her decease pay over whatever remained to said society. The executors represented the estate to be insolvent, and commissioners were appointed to receive and decide upon the claims of creditors. The commissioners allowed a claim in favor of Delia Fenn for the sum of $1,197, and the society took an appeal to the Superior Court for Litchfield County in 1877. In that court Delia Fenn, the appellee, filed a statement of her claim in the following terms:

" WATERTOWN, Conn., October 21, 1876.
" Estate of ORLANDO FENN, TO DELIA FENN, *Dr.*
" To labor from January 15, 1859, to January
    15, 1867, at $1.50 per week,   -   -   $702.00
" To labor from January 15, 1867, to June 2,
    .1876, at $2 per week,   -   -   -   972.00
                                    $1,674.00 "

The cause having been committed to and considered by the jury, they returned into court, and to an inquiry replied that they had agreed upon a verdict, and the foreman passed a writing to the clerk, who read it aloud as containing these words :

" First Ecclesiastical Society, etc. ⎱
   Appeal from Commissioners. ⎰ APPELLEE'S VERDICT.

In this case the jury find the issue in favor of the appellee, and therefore find for the appellee to recover of the estate of Orlando Fenn the sum of sixteen hundred and seventy-four dollars and costs of suit.

               (Signed,) ANDREW J. PIERPONT, *Foreman.*"

The court accepted this verdict thus read and ordered it to be recorded.

The clerk then addressed the jury as follows : " Gentlemen of the jury, listen to your verdict as accepted by the court ; ' First Ecclesiastical Society, etc., Appeal from commissioners. Appellee's verdict. In this case the jury find the issue in favor of the appellee, and therefore find for the appellee to recover of the estate of Orlando Fenn the sum of sixteen hundred and seventy-four dollars and costs of suit. (Signed,) ANDREW J. PIERPONT, *Foreman.*' This is your verdict, so say you all." To which the jury all assented.

Thereupon the jury were dismissed, and the court was adjourned to a subsequent day. After the adjournment it was discovered that the writing which the foreman had passed to the clerk was in the words following :

" First Ecclesiastical Society, etc. ⎱
 · Appeal from Commissioners. ⎰ APPELLEE'S VERDICT.

" In this case the jury find the issue in favor of the

appellee, and therefore find for the appellee to recover of the estate of Orlando Fenn the sum of *sixteen and seventy-four dollars* and costs of suit.

(Signed,) ANDREW J. PIERPONT, *Foreman.*"

Thereupon the appellants moved in arrest of judgment. The court overruled the motion, and rendered judgment upon the verdict as accepted by the court.

The appellants filed a motion in error; also a motion for a new trial.

First, as to the motion in error.

The clerk having read in the hearing of the court and jury the writing which was placed in his hands by the foreman as if it had been so written as to find for the appellee to recover $1,674 and costs, the court ordered the verdict to be recorded in that form. The clerk then asked the jurors to listen to it as accepted by the court, and again recited it to them in the same words; he then enquired if each juror assented to it as thus repeated, and each juror gave an affirmative answer. Under our practice this last answer by each juror made the verdict. Neither giving an assent in the jury room, nor the signing of a writing there, nor the delivery of it to the clerk, absolutely bound the conscience of any juror in this case; all these are revocable acts; until he gave an affirmative answer to this last question by the clerk there was space for a change of opinion and opportunity to recall any previous act or word. Therefore that to which the jurors assented in court is the verdict in this case. The motion in arrest was properly overruled.

Second, as to the motion for a new trial.

Upon cross-examination the appellee testified that she rendered the services relying upon her brother's making provision for her in his will. The appellants claimed, and requested the court to charge the jury, that she was not entitled to recover anything if the services were rendered in pursuance of an expectation and understanding of provision being made therefor in her brother's will; also that if she could recover for services rendered upon such expectation,

the provisions of the will were a full performance of any promise made by him. The court charged the jury as requested; and also charged them that if the testator had not made such provision in the will by way of paying the claims of his sister as he had promised, and if they should find that services were rendered as claimed by her, it would be for the jury to say whether the provisions of the will were a performance of the contract as proven.

The appellants insist that the court permitted the jury to determine as a matter of fact, and of law as well, whether the provisions of the will were a performance of the contract as claimed by the appellee.

The charge is not open to this objection. The jury were instructed, if they believed from the evidence that the appellee agreed not to make any claim for her services upon her brother, nor upon his estate after his death, but to accept as payment whatever he should see fit to give her by his will, that she must obtain her compensation by that instrument alone, and consequently could not enforce her claim as made. If, again, they believed from the evidence that she labored under an agreement with him that she should receive for her services such sum as they should be reasonably worth and that payment should be postponed until after his death and be made from his estate, they were instructed to find the value of those services and the money value of the provision in her behalf in the will, and thus to determine if the latter was equal to the former; if not, by what amount it was less, and to express that amount in the form of a verdict for her.

By the will she was to receive from time to time such sum or sums as in the opinion of the executors should be necessary to provide for her comfortable and proper support. What amount that would be, and what the money value of such a bequest then was, are neither of them questions of law. She might then have, or might in the near or the remote future become possessed of, estate sufficient in amount to place her beyond need of help from any source, or the necessity of labor even, for her support; she might never have the right to claim anything from the estate. The jury

were not asked to determine the legal effect either of the will
or contract.

The appellee testified that in 1860 she notified her brother
that she could not continue to labor for him unless he made
some provision for payment; he replied that he could not
then pay, but would make provision for payment by a will;
that he subsequently told her that he had bequeathed the
whole of his property to her; and that, a few days before his
death, upon being asked by her as to how she was to get her
pay, he told her again that he had bequeathed all of his
property to her.

The appellants objected to the admission of this last testi-
mony, and asked the court to instruct the jury that it was
inadmissible and insufficient for the purpose of rebutting
the statute of limitations.

The court charged the jury that they might consider it,
and if therefrom they found that the testator, a few days
before his death, promised to pay in that manner for the
services, that the claim of the appellee was thereby relieved
from the operation of the statute.

The appellants urge that the jury were hereby permitted
to determine the legal effect of evidence.

The testimony was that the appellee asked for payment
of a debt. The jury were instructed that in order to relieve
the claim from the operation of the statute it must be proven
that her brother promised payment for her services as for a
debt due they were not called upon to determine the legal
significance either of an allusion to, or of a direct recognition
of a debt; they were directed to determine as a matter of
fact whether or not, in his answer to an explicit demand for
payment, he intended to and did make an explicit promise of
payment of a debt due to her by means of his will; and, in
effect, they were instructed that nothing less would sustain a
verdict. We think that the appellants have no cause for
complaint.

There is no error in the judgment; and there should be no
new trial.

In this opinion the other judges concurred.