THE McCASKEY REGISTER COMPANY *vs.* JOHN A. KEENA.

Third Judicial District, New Haven, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An assignment of error in the form of a *quære*, whether in doing this or that the trial court erred, is improper; there should be a direct assertion of error as to each ruling or instruction which the appellant desires to have reviewed.

The parties were at issue as to whether the plaintiff's agent had fraudulently induced the defendant to sign a written contract of sale without reading it, by representing that it contained certain stipulations permitting the return of the article if it proved in any respect unsatisfactory, which it did not contain and which the agent knew it did not. *Held* that as applicable to this issue a definition of fraud as "deception deliberately practiced upon one to obtain an unfair or unlawful advantage," was sufficient, although the word *deliberately* did not appear in the dictionary definition, which the trial court purported to give.

While a verdict should be in writing and signed by the foreman of the jury so as to become a part of the file, yet the acceptance of an unsigned verdict the substance of which is correctly announced by the trial court in the presence of the jury and assented to by them, does not furnish any ground for an appeal by the losing party, especially if he does not at the time object to the irregularity.

Argued January 27th—decided February 16th, 1909.

ACTION to recover a balance due for a cash register sold

to the defendant, brought by appeal from a judgment of a justice of the peace to the City Court of Meriden and tried to the jury before *Fay, J.;* verdict and judgment for the plaintiff for $90, and appeal by the defendant. *No error.*

*Cornelius J. Danaher,* for the appellant (defendant).

*William C. Mueller,* for the appellee (plaintiff).

THAYER, J. The defendant's appeal does not properly state the reasons thereof. His so-called reasons are all stated as interrogations instead of allegations of error. All are in the same form as the first, reading as follows: "Whether the court erred in charging the jury on the question of fraud?" What are thus stated as reasons of appeal might very properly have accompanied the request to the trial court for a finding, as a statement of the questions of law which the defendant desired to raise. The purpose of the reasons of appeal is to assert that specific errors were committed on the trial. This the appeal does not do. But as it indicates the questions which the defendant desired to raise, and no objection has been made to it, the questions in this instance will be considered. These relate to the correctness of the judge's definition of fraud and the legality of the verdict rendered.

There was no dispute upon the trial that a cash register had been delivered to the defendant by the plaintiff, under a written bill of sale, to be paid for by instalments. The defense was that the plaintiff's agent, at the time of the sale, with intent to deceive and defraud the defendant, fraudulently represented to him that the register was suitable for the butter and tea business, in which he was engaged; that if it was not satisfactory in every respect to the defendant he need not pay for it but might return it to the plaintiff; and that the written agreement contained these provisions; that the defendant, relying upon these

statements and believing that the written agreement contained them, signed the paper without reading it; that the register was unsatisfactory, and the return of the same was tendered to the plaintiff. The only real question between the parties was as to the truth of this defense, which was set up in the answer.

The court in its charge, after saying to the jury that if the agreement was obtained by fraud it was no contract, instructed them as follows: "Fraud vitiates all contracts. Fraud is deception practiced on one to obtain an unfair or unlawful advantage." And later, in response to a juryman's question, "What is fraud," the court said: "It would be hard to give a definition to fit all cases. The best I can give for your guidance is Webster's: 'Fraud is a deception deliberately practiced upon one to obtain an unfair advantage.'" It is claimed that the last definition is not Webster's, in that the word "deliberately" is interpolated therein, and that neither of the definitions given is correct or adapted to the case.

It is unnecessary to consider whether the definitions are sufficient for all cases which may arise. The court did not assume to give one applicable to all. It is enough if the definition was sufficient for the case in hand. The sole question of fraud between the parties' was whether the plaintiff's agent had fraudulently induced the defendant to sign the paper without reading it, by stating to him that it contained stipulations which it did not contain and which the agent must have known that it did not contain. The paper not only did not contain these provisions, but it contained one, as the jury could see from the paper, which was in evidence, that no promise or statement, either written or verbal, not embraced in the writing signed by the defendant, would be recognized by the plaintiff. If, therefore, the statement was made, as claimed by the defendant, that the stipulation was contained in the paper, it was necessarily deliberate deception practiced

upon him to obtain his signature, and, under the charge, was fraudulent. If the jury believed that the statement was made they could not have had, under the circumstances of the case, any question as to whether it was deliberate or not. Under the instructions the jury must have found that the statement was not proven.

After the case had been submitted to the jury and they had indicated that they were ready to report, the roll was called by the clerk, and they were asked by him if they had agreed upon a verdict. The foreman stated that they had, and that it was for the plaintiff for $90. The court then said: "Gentlemen, you have rendered a verdict for the plaintiff to recover the sum of ninety dollars, and the clerk will so enter it. You will listen to your verdict as recorded." The foreman, at the time he announced the verdict, had a paper in his hand containing the verdict for $90, and the court, supposing that it was signed, excused the jury. Afterward it appeared that the verdict was not signed. It is claimed that as the verdict was not signed and assented to by each of the jurors, there was no verdict. This reason of appeal would have been obviated had the usual practice in receiving verdicts, as stated in *Magoohan* v. *Curran*, 71 Conn. 551, 554, 42 Atl. 656, been followed. Had the written verdict been taken from the foreman, its lack of signature would have appeared and could have been corrected. The defendant, however, raised no objection to the method adopted, and under the circumstances of this case it appears that he can have received no injury. It appears that the verdict was reduced to writing and correctly announced to the court, and that it was repeated by the court for the assent of the individual jurors. There being no dissent, they are taken to have assented to the verdict as announced by the foreman and repeated to them by the court. In *Watertown Eccl. Society's Appeal*, 46 Conn. 230, 233, where the written verdict was signed by the foreman, but was defective in improperly stating the

amount of the verdict, it was held that neither giving assent to the verdict in the jury-room, nor the signing of a writing there, nor the delivery of it to the clerk, absolutely bound the conscience of any juror, but it was what he assented to in open court that was the verdict in the case. And in that case as the clerk, in reading the verdict, had corrected the informality in it, it was held a good verdict as read by the clerk. In the present case the jurors in court assented to the statement of their verdict as it had been agreed upon in the jury-room and prepared for signature. This, although informal, can be sustained as the proper verdict of the jury, without approving the method by which it was received. There should be a written verdict, signed by the foreman, to become a part of the file. The defendant having raised no objection to the course pursued at the time, ought not to now succeed in overturning a just verdict upon an objection to the procedure of the court officials which should have been made at the time.

There is no error.

In this opinion the other judges concurred.