STATE OF CONNECTICUT *vs.* PATSY J. DIPIETRO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 4th—decided December 3d, 1935.

*William J. McKenna,* for the appellant (defendant).

*Lorin W. Willis,* Assistant State's Attorney, with whom, on the brief, was *William H. Comley,* State's Attorney, for the appellee (the State).

AVERY, J.  The accused was tried before a jury upon an information charging embezzlement in five counts

and, on February 7th, 1935, the jury reported that they had agreed upon a verdict. The clerk, in open court, polled the jury and each juror answered "present" as his name was called. The clerk then inquired: "Gentlemen of the jury, have you agreed upon a verdict?" The foreman: "We have." Thereupon the clerk inquired, as to each of the counts in the information, "What have you to say of the prisoner at the bar, is he guilty or not guilty of the crime whereof he stands informed against . . .?" The foreman replied, as to each, "Guilty." The clerk then stated: "This, gentlemen, is your verdict, and so say you all?" The foreman: "We do," and, the finding states, "all the jurors apparently replied 'Yes.' "

Thereupon the assistant state's attorney moved for sentence, but counsel for the defendant moved that sentence be deferred as he intended to file a motion to set aside the verdict and possibly one in arrest of judgment. The court granted the motion to defer sentence, continuing the matter until February 13th, 1935, and remanded the defendant to the custody of the sheriff under a bond, after which the jury was discharged from further attendance on the cause. On February 13th, motions to set aside the verdict and in arrest of judgment were argued and denied.

The sole claim of law urged on this appeal from the denial of the motions is that the verdict rendered by the jury was ineffective because, it is claimed, it was not accepted by the court and ordered recorded prior to the discharge of the jury. By the settled practice in this State, the course of proceedings upon the return of the jury into court in a criminal case is substantially as follows: The court being in actual session, the clerk calls the roll of the jury and asks if they have agreed upon their verdict. If the foreman answers that they have, the clerk then asks whether they find

the accused guilty or not guilty. The foreman answers "guilty" or "not guilty" as the case may be. The clerk then says to the jury: "Gentlemen of the Jury, harken to your verdict as accepted and ordered recorded by the court. You upon your oaths do say that the prisoner at the bar is guilty (or not guilty) so say you, Mr. Foreman, and so, gentlemen, say you all." The foreman and members of the jury: "We do." Thus is provided a double safeguard against mistake: First, the delivery of the verdict by the foreman of the jury by word of mouth in open court; and, second, the proclamation by the clerk of that verdict as understood and ordered recorded by the court. 27 R. C. L. p. 835. The verdict is delivered by the foreman of the jury to the clerk in the presence of the court and the clerk is acting as the organ of the court for that purpose. Until a verdict is acccepted by the court, it is not a verdict at all. *Shulman* v. *Stock,* 89 Conn. 237, 241, 93 Atl. 531; *State* v. *Searles,* 113 Conn. 247, 256, 155 Atl. 213. After the verdict has been announced and before it has been accepted, the court may refuse to accept it if it is not in proper form or otherwise imperfect, or it may refuse to accept it for the time being and return the jury to a second or even a third consideration of the case. General Statutes, § 5657; *State* v. *Searles,* supra, 256; *Black* v. *Griggs,* 74 Conn. 582, 584, 51 Atl. 523. If the court is silent when the foreman announces the verdict, the clerk is justified in treating that silence as authority to him to proceed to the last inquiry to the jury and acquiescence by the court in his so doing is tacit assent to that step, an acceptance of the verdict, and an order that it be duly recorded. *Commonwealth* v. *Tobin,* 125 Mass. 203, 207; *Regina* v. *Vodden,* 6 Cox C. C. 226. The last answer of each juror to the proclamation of the clerk makes the verdict. *Watertown Eccle-*

*siastical Society's Appeal,* 46 Conn. 230, 233; *State* v. *Mosca,* 90 Conn. 381, 383, 384, 97 Atl. 340.

It is clear from this record that the verdict of the jury in this case was formally announced in open court by the foreman of the jury to the clerk and thereupon the clerk, in the presence of the court and as its organ, proclaimed the verdict to the jury and in answer to his question: "This, gentlemen, is your verdict, and so say you all?" the foreman responded: "We do," and all the jurors gave assent. This procedure, which accords with the practice commonly followed in this State, clearly imports that the verdict was accepted by the court before the final declaration of the clerk. However, we consider that it would be better practice for the court to state that a verdict is accepted and order it recorded by the clerk, before the latter makes the final proclamation. The statement of the trial court a week later, after the jury had been discharged, in denying the motion to set aside the verdict and in arrest of judgment, that if there was any question about the acceptance of the verdict he would accept it at that time adds nothing to its validity.

There is no error.

In this opinion the other judges concurred.