IRWIN ELLIOT *v.* JEFFREY FERGUSON ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued November 6—decided December 9, 1969

*Thomas C. Gerety,* with whom, on the brief, was *Leonard A. Schine,* for the appellant (plaintiff).

*Gregory P. Patti,* with whom, on the brief, was *Paul V. McNamara,* for the appellees (defendants).

THIM, J. The complaint in this case alleges two separate causes of action, each sounding in common-law negligence. The plaintiff alleges in the first count that the defendant Jeffrey Ferguson, a minor child, negligently kindled a fire in the plaintiff's home which caused substantial damage to the premises. In the second count, the plaintiff alleges that the defendants Charles C. and Ruth B. Ferguson, Jeffrey's parents, knew or should have known of Jeffrey's proneness to kindle fires but carelessly and negligently failed to restrain or control Jeffrey.

At the conclusion of the evidence, all of the defendants moved for a directed verdict, which the court denied. The jury returned a verdict for the plaintiff against Jeffrey on the first count. The court accepted that verdict and ordered it recorded. The jury returned no verdict as to the second count, but the court nevertheless rendered judgment for Jeffrey's parents on that count.

After the jury had been discharged, the plaintiff filed a motion for a new trial of the cause of action alleged in the second count. One of the grounds of this appeal is the court's denial of that motion. No appeal was taken from the judgment rendered on

the verdict on the first count. The plaintiff contends that he is entitled to a new trial as to the second count because the jury failed to return a verdict on the second count or otherwise report its findings concerning the liability of Jeffrey's parents.

No inquiry of the jury was made by the court concerning the failure to report a finding dispositive of the issues of the second count, and there is no apparent reason for the court's failure to do so. In an action against two or more defendants who have separately answered, a verdict of the jury in favor of the plaintiff against one of the defendants, without specifically finding for or against another defendant, is a failure to find upon one of the material issues of the case. *Keller* v. *Smith,* 130 Cal. App. 128, 131, 19 P.2d 541. This rule is subject to the qualification that a verdict, once returned, may be construed with reference to the instructions pursuant to which it was rendered. *Fennessey* v. *Pacific Gas & Electric Co.,* 10 Cal. 2d 538, 541, 76 P.2d 104; 89 C.J.S. 172, Trial, § 502. In the instant case, however, when the verdict forms were submitted to the jury concerning both counts, the court failed to give the jury proper and adequate instructions concerning the use of the forms which were submitted. In light of the court's inadequate instructions, the jury's failure to render a verdict for or against the parents cannot be interpreted in any manner other than a failure to find on one of the material issues of the case. The plaintiff's motion for a new trial as to the second count therefore should have been granted.

There is error in part, the judgment is affirmed except as regards the second count, and as to the second count only a new trial is ordered.

In this opinion the other judges concurred.