SUBURBAN SANITATION SERVICE, INC. *v.* DANIEL J. MILLSTEIN ET AL.
DANIEL J. MILLSTEIN ET AL. *v.* SUBURBAN SANITATION SERVICE, INC.
(7194)

DUPONT, C. J., STOUGHTON and NORCOTT, Js.

Argued May 10—decision released August 8, 1989

*Daniel J. Millstein,* with whom was *Philip M. Block,* for the appellants (defendants in the first case, plaintiffs in the second case).

*Patsy M. Renzullo,* with whom, on the brief, was *John C. Dillman,* for the appellee (plaintiff in the first case, defendant in the second case).

NORCOTT, J. Daniel and Wendy Millstein appeal from a judgment rendered for Suburban Sanitation Service, Inc. (Suburban), after a jury trial on two consolidated cases. The trial court denied the Millsteins' motion to set aside the verdict. In one case, Suburban sued the Millsteins to collect the balance allegedly due on a contract for the repair of a septic system on the Millsteins' property. In the other case, the Millsteins brought suit against Suburban for losses they claim they suffered as a result of Suburban's alleged negligence, breach of warranty and breach of the contract to repair the septic system.

On appeal, the Millsteins claim that the trial court erred (1) in refusing to admit parol evidence regarding the parties' agreement, (2) in accepting a verdict that is contrary to the evidence, (3) in accepting an excessive verdict, and (4) in accepting a verdict in only one of the cases. We find error.

The Millsteins claim that it was error for the trial court to refuse to admit parol evidence on the terms of the parties' agreement. It is undisputed that Suburban presented the Millsteins with a written proposal that the Millsteins never signed. Among other terms, the proposal contained two options for repair of the septic system: option A, a leaching field located in the back-

yard; and option B, a pump and pumping chamber located in the frontyard. Testimony established that the Millsteins and Suburban had agreed that the system should be located in the backyard. All parties agree that they had only an oral agreement for the repair work.

Believing that the wording of the Millsteins' complaint limited the oral agreement to the written proposal, the trial court refused to allow parol evidence on the issues of which terms of the written proposal the Millsteins had accepted and whether such terms were only a partial integration of the entire oral agreement. We conclude that the rules regarding the admission of parol evidence were improperly applied in this case.

The Millsteins' revised complaint alleged that they had orally accepted Suburban's proposal to "restore the plaintiffs' septic system to working order by performing installation and repair work, including but not limited to a leaching bed and grading of the ground above the bed for consideration of Four Thousand Five Hundred Eighty Five ($4,585.00) Dollars." Suburban, in its answer to the revised complaint, denied the quoted paragraph "to the extent [it] is inconsistent with [the written proposal]." The quoted wording of the revised complaint is similar to, but not an exact reflection of, the language of option A in the written proposal. The main difference is that the allegation indicated that the work Suburban was to do to repair the system was "not limited to" the installation of the bed and the grading of the ground. The Millsteins' revised complaint, which alleges an oral acceptance of at least some part of the written proposal, therefore does not constitute an admission that the written proposal reflected the entire oral agreement between the parties.

At trial, the Millsteins attempted to present evidence that the written proposal, which they claimed they only partially accepted, was only a part of the agreement between the parties. The trial court refused to allow evidence of any agreement outside of the parameters of the written proposal.

"The parol evidence rule is a rule of substantive law which provides that '[w]hen two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.' 3 Corbin, Contracts § 573." *Greene* v. *Scott,* 3 Conn. App. 34, 36, 484 A.2d 474 (1984). The rule applies to integrated oral agreements as well as written agreements. See *Damora* v. *Christ-Janer,* 184 Conn. 109, 441 A.2d 61 (1981). Whether a writing is a complete integration of an agreement, " 'the final repository of the oral agreements and dealings between the parties depends on their intention, evidence as to which is sought in the conduct and language of the parties and the surrounding circumstances. If the evidence leads to the conclusion that the parties intended the [writing] to contain the whole agreement, evidence of oral agreements is "excluded," that is, excluded from consideration in the determination of the rights and obligations of the litigants, even though it is admitted on the issue of their intention. *Cohn* v. *Dunn,* 111 Conn. 342, 346, 149 A. 851 [1930].' *Shelton Yacht & Cabana Club, Inc.* v. *Suto,* 150 Conn. 251, 254–55, 188 A.2d 493 (1963)." *Damora* v. *Christ-Janer,* supra, 113–14; *Connecticut Savings Bank* v. *Central Builders' Supply Co.,* 4 Conn. App. 332, 333–34, 494 A.2d 601, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985). Whether there is a complete integrated agreement is "to be determined by the court

as a question preliminary . . . to application of the parol evidence rule." 2 Restatement (Second), Contracts §§ 209 (2), 210 (3).

" '[W]hat the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact.' " *Gallicchio Bros., Inc.* v. *C & S Oil Co.,* 191 Conn. 104, 107, 463 A.2d 600 (1983), quoting *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.,* 183 Conn. 266, 274–75, 439 A.2d 314 (1981). Under the circumstances of this case, the trial court should have allowed the Millsteins to present evidence of the parties' intent that the accepted terms of the written proposal were only a partial integration of their oral agreement. Because the court prevented the jury from hearing and deciding material issues of fact, the verdict must be set aside and a new trial ordered.

The Millsteins also claim error in the form of the verdict. Although not raised in the trial court as a basis for the motion to set aside the judgment, because of the importance of the issue; see *Riccio* v. *Abate,* 176 Conn. 415, 418 n.1, 407 A.2d 1005 (1979); and because the issue may recur on retrial; *State* v. *Casey,* 201 Conn. 174, 513 A.2d 1183 (1986); *State* v. *McDonough,* 9 Conn. App. 631, 633, 521 A.2d 160 (1987); we will address this claim.

The trial court consolidated the two cases involved in this appeal pursuant to Practice Book § 84A.[1] After the parties had presented their evidence, the court

---

[1] Practice Book § 84A provides: "Whenever there are two or more separate actions which should be tried together, the court may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial. The court files in any actions consolidated pursuant to this section shall be maintained as separate files and all documents submitted by counsel or the parties shall bear only the docket number and case title of the file in which it is to be filed."

instructed the jury on what each party must prove in order to prevail in each action. The court then gave the jury two verdict forms, each bearing the case names and docket numbers of both actions. One form specified a verdict for Suburban, the other a verdict for the Millsteins. Each form had a blank space in which the jury was to insert the amount of damages found for the prevailing party.

The jury returned with both forms completed. On one form, the jury indicated a verdict for Suburban with $13,190.07 in damages. On the other, the jury indicated a verdict for the Millsteins with zero damages. The trial court informed the jury that the rendering of two verdicts was improper and that the jury should deliberate further and return with only one verdict form.[2]

The jury, as instructed, returned with one form on which it found for Suburban in the amount of

---

[2] After the reading of both verdict forms, the jury foreman interjected that "[t]he reason two verdicts were submitted was because we were unsure whether there were two cases or one for the combination." The court responded: "I really think what I should do is send you back to deliberate. It should either be one or the other because—I tell you what, go back in there. I want to discuss the matter with counsel, and then I will recharge because I think we don't want to have any confusion here."

After a recess during which the court met with counsel in chambers, the court stated to the jury: "I can see the confusion, and I've discussed it with counsel. I think what I'm going to do is I'm going to have you go back in the jury room. I'm going to give you back your two verdict forms. You should only come in with one verdict form because it looks—it's very possible that if—like, for instance, you found for the Millsteins with no dollars damages. It's possible that you found in favor of the Millsteins, but you couldn't figure out what the damages should be which would give a conflicting one with the other one. So that if you meant a verdict for Suburban Sanitation, you should only bring in that one. If you meant a verdict for the Millsteins, you should only bring in that one.

"So, let me—to be absolutely safe, to be sure we're doing it right, I'm going to give these back to you, and you can decide what to do. Just bring one back. Okay? And I appreciate your bringing that up because that was something that had gone through my mind, that that could be a conflicting verdict."

$13,390.07.[3] This verdict form, which contained both case names and docket numbers, resulted in the rendering of two judgments. The judgment files in both cases are identical and therefore improper in that the judgment in the case of *Millstein* v. *Suburban Sanitation Service, Inc.*, indicates a verdict for Suburban for $13,390.07. Because Suburban filed no counterclaim in that case, such a judgment is erroneous.[4]

The verdict in a case must conform to the issues raised by the pleadings; *Donnelly* v. *Ives,* 159 Conn. 163, 268 A.2d 406 (1970); and litigants have a right to have the jury determine their respective claims. *Rosenblatt* v. *Berman,* 143 Conn. 31, 119 A.2d 118 (1955). Acceptance of the verdict signifies that the court views it as satisfactorily responding to the issues in the case. *State*

---

[3] The verdict form accepted by the court stated:
"STATE OF CONNECTICUT

#CV 86 32 06 23                                    SUPERIOR COURT
SUBURBAN SANITATION SERVICE, INC.
vs.
DANIEL MILLSTEIN, ET AL                    JUDICIAL DISTRICT
                                           HARTFORD/NEW BRITAIN

#CV 86 32 06 78
DANIEL MILLSTEIN, ET AL                        AT HARTFORD
vs.
SUBURBAN SANITATION SERVICE, INC.
MAY 20, 1988

VERDICT FOR SUBURBAN SANITATION SERVICE, INC.

In this case the Jury finds the issues for Suburban Sanitation Service, Inc. as against Daniel Millstein, et al and therefore finds for Suburban Sanitation Service, Inc. to recover of Daniel Millstein, et al $13,390.07 dollars damages.

s/Daniel R. Barface<br>FOREPERSON"

[4] This procedural confusion involving these cases extends to the filing of this appeal as well. The Millsteins have appealed the judgments in both cases but brought the appeal in each case as defendants appealing from a judgment for the plaintiff.

v. *Martin,* 189 Conn. 1, 4 n.1, 454 A.2d 256, cert. denied, 461 U.S. 933, 103 S. Ct. 2098, 77 L. Ed. 2d 306 (1983). Without speculating on the intentions of the jury, the verdict form returned by the jury may reasonably be viewed as a verdict in the case of *Suburban Sanitation Service, Inc.* v. *Millstein.*[5] We conclude, therefore, that the jury failed to return a verdict in the case of *Millstein* v. *Suburban.* "A verdict must not only be intelligible, it must be capable of supporting a judgment." *Labatt* v. *Grunewald,* 182 Conn. 236, 238 n.1, 438 A.2d 85 (1980). As Practice Book § 84A requires that consolidated cases retain separate files and documentation, a separate judgment is required in each case. In a jury trial, the judgment must be based on a verdict. Because the jury, on the erroneous instructions of the court and supplied with improper verdict forms, rendered no verdict in the Millsteins' case against Suburban, there is no verdict capable of supporting a judgment.[6]

On retrial, the court must provide appropriate verdict forms and instructions. There must be separate verdict forms for each case, bearing only one case name and docket number. The jury must be instructed to return two verdict forms, one for each case. A judg-

[5] This conclusion seems clear even though the form was improper and somewhat ambiguous in that it contained both case names and docket numbers and then recited in the text: *"In this case* the Jury finds . . . ." (Emphasis added.)

[6] We will not assume that in finding for Suburban in *Suburban Sanitation Service, Inc,* v. *Millstein,* the jury also found against the Millsteins in *Millstein* v. *Suburban Sanitation Service, Inc.* Beyond the fact that there must be two verdicts rendered when two cases have been consolidated, the statement of the jury foreman; footnote 2, supra; regarding the first verdict rendered indicates confusion on the part of the jury as to the status of the two cases. As the Supreme Court stated in *Malmberg* v. *Lopez,* 208 Conn. 675, 680–81, 546 A.2d 264 (1988), it would be error for this court not to recognize the inherent ambiguity in an award of zero damages for a plaintiff.

ment must be rendered on each case individually based on the verdict in each case.

There is error, the judgments are set aside and the cases are remanded for a new trial.

In this opinion the other judges concurred.