[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendant's (Catherine Petonito) Motion to Strike Count Two and Prayer for Relief (c) and (d) of plaintiffs' amended complaint dated December 12, 1996.
On August 23, 1996 plaintiffs, Allegra Enterprises, Incorporated and John G. Allegra, filed a complaint against defendant, Catherine M. Petonito, as executrix of the estate of John P. Petonito.
On December 16, 1996, plaintiffs filed an amended complaint in two counts, alleging the following facts. On or about August CT Page 6051 20, 1994, Allegra Enterprises, Inc. was providing horse drawn wagon rides on Montowese Street in Branford, Connecticut, as part of a "Heritage Day" celebration. At the same time, defendant's decedent, John Petonito, was driving his automobile on Montowese Street. The vehicles of plaintiffs and defendant's decedent were involved in a collision, whereby the passengers in the plaintiffs' wagon were ejected and received various injuries. Plaintiffs allege that the accident was due to the negligent conduct of defendant's decedent. Plaintiffs further allege that they have incurred monetary loss, and may suffer future monetary loss caused by the claims made by the passengers against plaintiffs. Plaintiffs seek money damages and indemnification for any judgment that may be rendered against them from the claims of the passengers.
Previously, defendant's decedent had filed a motion to consolidate this case with Bush v. Allegra, Docket No. CV 96 03894465 on the basis that both cases arise out of the same accident. The motion was granted by the court.
Defendant filed this motion to strike on December 19, 1996. Plaintiffs filed an opposition memorandum on February 10, 1997.
Defendant moves to strike count two and ¶¶ (c) and (d) of the prayer for relief in plaintiffs' amended complaint "for failure to state a legally sufficient claim." Defendant claims that plaintiffs fail to allege an independent legal relationship between the parties as required to support their indemnification claim. (See Shuzinski v. Bouchard Fuels, Inc. et al to be released May 6, 1997.)
Beginning with the amended complaint, each document filed by the parties contains the case captions of both Allegra v.Petonito and Bush v. Allegra in the upper left corner of the document.
"Practice Book § 84A requires that consolidated cases retain separate files and documentation. . . ." SuburbanSanitation Service v. Millstein, 19 Conn. App. 283, 290. Practice Book § 84A states in pertinent part: "The court files in any actions consolidated pursuant to this section shall be maintained as separate files and all documents submitted by counsel or the parties shall bear only the docket number and case title of the file in which it is to be filed." CT Page 6052
Plaintiffs have failed to comply with the procedure set forth in Practice Book § 84A; for this reason the motion to strike is denied.
Ronald J. Fracasse, Judge