[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action to recover damages for personal injury by two employees of Mt. Sinai Hospital allegedly exposed to carbon monoxide fumes while working on a mobile mammography unit manufactured by defendant Beaver Coaches. In addition to Beaver Coaches, Medic Equipment, manufacturer of a Mobile Breast screening system was served and made a defendant in this case.
In a separate action (Docket No. CV94-0542656-S) against Medic Equipment alone, Medic Equipment impleaded Cummins-Conn. Inc. as a third party defendant.
These two cases were consolidated on April 17, 1995.
In this case, Beaver Coaches has filed an amended cross claim dated August 27, 1997 seeking an apportionment of damages against Medic Equipment and Cummins-Conn. Cummins-Conn., has moved to dismiss the cross claim on the ground that it was never served and is not a party to this action.
This court may exercise jurisdiction over a party only if that party has been properly served with process, has consented to the jurisdiction of this court or has waived any objection to the court's exercise of personal jurisdiction. Commissioner ofEnvironmental Protection v. Connecticut Bldg. Wrecking Co.,227 Conn. 175, 195 (1993). Beaver Coaches claims that because the two cases were consolidated for trial, they have become one proceeding and because Cummins-Conn. Inc. is a properly served party in one, it is within the personal jurisdiction of the court so that it can be made defendant in a cross claim filed in the other case. This argument was specifically considered and rejected by Judge Mottolese in Ahuja v. Planning Board ofStamford, No. CV91-011723 Judicial District of Stamford/Norwalk at Stamford, 8 CONN. L. RPTR. 382 (Feb. 24, 1993) (Mottolese, J.). The court concluded that consolidation of two cases under Practice Book 84A "does not cause the two cases to lose their separate identity as they are CT Page 13067 consolidated only for trial." This view is supported by decisions holding that when two cases are consolidated, separate files must be maintained for each case and separate judgment is required in each case. Segneri v. Wallingford Plan. Zoning,
No. CV91-0314879-S, Judicial District of New Haven (April 6, 1992, Riddle, J.); Suburban Sanitation Service, Inc. v. Daniel J.Millstein, et al., 19 Conn. App. 283, 290 (1989).
Since consolidation of the two cases did nothing to avoid the necessity of serving Cummins-Conn. in order to obtain personal jurisdiction, and Cummins-Conn. was, in fact, not served or otherwise made a party, its motion to dismiss the cross complaint is granted.
Jerry Wagner Judge Trial Referee