JEFFREY TISDALE ET AL. *v.* RIVERSIDE
CEMETERY ASSOCIATION
(AC 22451)

Schaller, Dranginis and Stoughton, Js.

Argued March 17—officially released July 22, 2003

*Brenden P. Leydon*, for the appellants (plaintiffs).

*James E. Coyne*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiffs, Deborah Tisdale and Jeffrey Tisdale, appeal from the trial court's judgment rendered after the jury's verdict in favor of the defendant, Riverside Cemetery Association, with respect to Deborah Tisdale's loss of consortium claim. On appeal, the plaintiffs claim that the court improperly denied their motion to set aside the verdict. Specifically, they argue that the court should have granted the motion because (1) the court improperly rendered judgment against Deborah Tisdale after the jury failed to return any verdict as to her loss of consortium claim, and (2) if the jury did in fact render a verdict with respect to her claim, the verdict, awarding $40,000 in compensatory damages to Jeffrey Tisdale, while presumably awarding $0 to Deborah Tisdale on her claim, was inconsistent, against the manifest weight of the evidence and inadequate.

The jury reasonably could have found the following facts. In January, 1977, Jeffrey Tisdale purchased from the defendant a cemetery plot containing two abutting graves. Jeffrey Tisdale's mother died shortly after he

purchased the cemetery plot. Jeffrey Tisdale interred his mother's remains in grave number two.

In October, 1995, Jeffrey Tisdale's father, James Tisdale, died. Jeffrey Tisdale ordered his father's remains interred in the remaining grave site, grave number one.[1] While preparing that grave site, however, the defendant's workers discovered that unknown human remains had been previously buried there. During the memorial service for James Tisdale, on November 3, 1995, but before the casket was lowered into the ground, Jeffrey Tisdale was informed privately about the discovery. Jeffrey Tisdale was assured that the unknown remains would be removed and that the grave site would be prepared for his father's remains.

After the memorial service, the unknown remains were disinterred and reburied in a separate cemetery plot. James Tisdale's remains were thereafter interred in grave number one. Two years after his father's death, and after considerable concern, Jeffrey Tisdale ordered his parents' remains disinterred to ensure that the remains in the two graves were, in fact, his parents' remains. The remains were identified positively as those of his parents. Jeffrey Tisdale viewed his father's remains during the identification process.

The plaintiffs commenced this action on November 13, 1997.[2] On August 13, 2001, the plaintiffs filed an amended six count complaint alleging negligence, loss

---

[1] Prior to November 2, 1995, there was in fact an unrecorded burial in grave number one. Jeffrey Tisdale testified that no one in the family had been buried next to his mother in grave number one. The defendant's representative, Ellen Pagliaro, indicated that the unknown person had been buried in grave site number one some time between the mid-1970s and the mid-1980s.

[2] In the original eight count complaint, the plaintiffs alleged, inter alia, negligence, loss of consortium, fraudulent concealment, negligent infliction of emotional distress, intentional infliction of emotional distress, trespass, conversion and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.

of consortium, negligent infliction of emotional distress, intentional infliction of emotional distress, trespass and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.

After a jury trial, on September 5, 2001, the jury returned a verdict utilizing the supplied plaintiffs' verdict form. The first question on the plaintiffs' verdict form inquired as to whether the jury had found unanimously in favor either of Jeffrey Tisdale or both Jeffrey Tisdale and Deborah Tisdale. The jury placed a check mark next to Jeffrey Tisdale's name and awarded him $40,000 in damages.[3] The jury did not complete any portion of the plaintiffs' verdict form with respect to Deborah Tisdale. The court supplied the jury with a defendant's verdict form, but the jury did not complete any portion of that form.[4] During the recording and acceptance of the verdict, the jury responded, "yes,"

---

[3] The jury completed the plaintiffs' verdict form as follows:

"PLAINTIFFS' VERDICT

In this case the Jury unanimously finds in favor of: (Check either Jeffrey Tisdale or both).

__✓__ Jeffrey Tisdale

_____ Deborah Tisdale

1) As to Jeffrey Tisdale

Past and future economic damages: $ 25,000

Past and future noneconomic damages: $ 15,000

TOTAL $ 40,000

Punitive damages, if any, $ ____

(Reasonable attorney's fees)

2) As to Deborah Tisdale

Loss of consortium noneconomic damages $ ____

[Signed by foreperson] 9/5/2001"

[4] The defendant's verdict form, which was not filled out, stated:

"DEFENDANT'S VERDICT

(If this form is used, check the one that applies)

____ The jury unanimously finds against the plaintiffs Jeffrey Tisdale and Deborah Tisdale and in favor of the defendants.

____ The Jury unanimously finds against the plaintiff Deborah Tisdale only and in favor of the defendant on her loss of consortium claim for her failure to prove her claim by a fair preponderance of the evidence.

[Unsigned]"

when asked whether the verdict, as read, was correct. The court rendered judgment in favor of Jeffrey Tisdale and against Deborah Tisdale.

The plaintiffs thereafter filed a motion to set aside the verdict on the grounds that the verdict, while not awarding Deborah Tisdale any damages but awarding Jeffrey Tisdale $40,000, was contrary to law, against the weight of the evidence and inadequate. The court denied the plaintiffs' motion. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiffs first claim that the court improperly denied their motion to set aside the verdict because it rendered judgment against Deborah Tisdale after the jury failed to return a verdict with respect to her loss of consortium claim.[5] More specifically, they argue that the manner in which the jury completed, or failed to complete, the verdict forms, in light of the jury's verbal

[5] We note that although Deborah Tisdale failed to object at trial and failed to expressly raise that specific issue in her written motion to set aside the verdict, the court raised and addressed the issue on the record during the hearing on the motion. We also note, however, that the record fails to contain either a written memorandum of decision or a transcribed copy of an oral decision signed by the court stating its reasons for denying the plaintiffs' motion to set aside the verdict. "The duty to provide [the Appellate Court] with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). This court frequently has declined to review claims when the appellant has failed to provide an adequate record for review. See *Emigrant Savings Bank* v. *Erickson*, 46 Conn. App. 51, 53–54, 696 A.2d 1057, cert. denied, 243 Conn. 921, 701 A.2d 341 (1997). On occasion, we have reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the court's findings and conclusions in connection with its decision. See *Connecticut National Bank* v. *Browder*, 30 Conn. App. 776, 778–79, 622 A.2d 588 (1993). In this case, the parties had the opportunity to argue their respective positions concerning the motion, and the court made its ruling on the record. The transcript from that hearing adequately reveals the basis of the court's conclusions. Therefore, in light of the sufficiently detailed transcript, we consider the issue preserved for appeal.

confirmation of the verdict, rendered the verdict unintelligible.

The following additional facts are relevant to the plaintiffs' claim. During its charge to the jury, the court informed the jurors that they would receive both plaintiffs' and defendant's verdict forms. The court instructed the jurors on the proper use of those forms.[6] Despite the court's instructions, the jury returned a verdict utilizing only the supplied plaintiffs' verdict form. The plaintiffs' verdict form indicated that the jury had found in favor of Jeffrey Tisdale, but did not indicate anything with respect to Deborah Tisdale. The jury awarded him damages totaling $40,000. The court ordered the clerk to read the verdict to the jury.[7] When

---

[6] With respect to the verdict forms, the court instructed the jury as follows:

"The Court: You will be receiving verdict forms. There will be a plaintiffs' verdict form and a defendant's verdict form. If you find the issues for the plaintiffs, you will use the plaintiffs' verdict form. On this form, you will also see a place for punitive damages, if you award them.

"As to Mrs. Tisdale, if you find for her on the loss of consortium claim, you should check her name on the plaintiff's verdict form and fill in the dollar amount for her loss of consortium damages.

"If you find in favor of the defendant, either against both plaintiffs or against Deborah Tisdale only, you should use the defendant's verdict form. You will see that you are to check one of the two options set forth. These two forms must be consistent with each other.

"Let me say to you that damages, if you award them, are only to be awarded once. That is to say, even if you were to find against the defendant on more than one of the plaintiffs' claims against it, you may make only a single award of compensatory damages and a single award of punitive damages, if any.

"The foreperson of the jury must sign the verdict forms."

[7] "The Clerk: Ladies and gentlemen of the jury, this is your verdict as it is read. In the case of Jeffrey Tisdale and Deborah Tisdale versus Riverside Cemetery Association, docket number CV 970162274, plaintiff's verdict.

"In this case, the jury unanimously finds in favor of Jeffrey Tisdale. As to Jeffrey Tisdale, past and future economic damages, $25,000. Past and future noneconomic damages, $15,000. Giving a total of $40,000.

"Signed by . . . the foreperson, dated fifth of September, 2001.

"Ladies and gentlemen of the jury, is this your verdict, so say you all?

"The Jury: Yes.

"The Court: The court directs the verdict be accepted and recorded.

"The Clerk: Ladies and gentlemen of the jury, listen to your verdict as it

the clerk read the verdict, the clerk did not mention Deborah Tisdale. The jurors acknowledged that they had found in favor of Jeffrey Tisdale and had awarded him $40,000. The court accepted and then ordered the verdict recorded. The clerk reread the plaintiffs' verdict form to the jury. This time, however, the clerk added that "as to Deborah Tisdale, loss of consortium, noneconomic damages, nothing." The jury again affirmatively stated that this was its verdict. At no time did the plaintiffs object to the form or substance of the accepted verdict.[8] The record indicates that the court accepted the verdict without comment.[9]

The proper appellate standard of review when considering the action of a court granting or denying a motion to set aside a verdict and for a new trial is the abuse of discretion standard.[10] *Bolmer* v. *McKulsky*, 74 Conn.

is ordered, accepted and recorded.

"In the case of Jeffrey Tisdale and Deborah Tisdale versus Riverside Cemetery Association, docket number CV 970162274, plaintiff's verdict.

"In this case, the jury unanimously finds in favor of Jeffrey Tisdale. As to Jeffrey Tisdale, past and future economic damages, $25,000. Past and future noneconomic damages, $15,000. Giving a total of $40,000.

"As to Deborah Tisdale, loss of consortium, noneconomic damages, nothing.

"As signed by . . . foreperson, dated fifth September, 2001.

"Ladies and gentlemen of the jury, do you all agree that this is your verdict?

"The Jury: Yes."

[8] We note that the plaintiffs first objected to the form of the verdict, based on an alleged incomplete verdict form, during the hearing on their motion to set aside the verdict.

[9] Practice Book § 16-31 provides in relevant part that "the judicial authority shall, if the verdict is in order and is technically correct, accept it without comment." The record indicates that the court accepted the verdict without comment. The court reviewed the verdict forms and, other than requesting the jurors to total the two damages figures, did not express any concern with the correctness or completeness of the forms. We can determine, therefore, that the court believed that the verdict was technically correct despite the jury's failure to complete the defendant's verdict form.

[10] We note that although the plaintiffs' September 17, 2001 motion was labeled a motion to set aside the verdict, the plaintiffs should have labeled the motion as one to set aside the verdict and for a new trial. Despite the inaccurate label, the court properly considered the substance of relief sought in the subject motion that also requested a new trial. See *Drahan* v. *Board*

App. 499, 510, 812 A.2d 869, cert. denied, 262 Conn. 954, 818 A.2d 780 (2003).

During the hearing on the plaintiffs' motion, the court stated that the plaintiffs' verdict form required the jury to check either Jeffrey Tisdale or both Jeffrey Tisdale and Deborah Tisdale. The court noted that the jury followed that instruction and checked only Jeffrey Tisdale. The court indicated that the jury, by checking only Jeffrey Tisdale, and leaving all portions of that form blank with respect to Deborah Tisdale, clearly indicated a verdict solely for Jeffrey Tisdale. The fact that the jury did not complete the defendant's verdict form, the court stated, was merely "form over substance." Therefore, the court concluded, on the basis of the plaintiffs' verdict form and the jury's verbal assent, that the jury had returned a defendant's verdict as to Deborah Tisdale.

On appeal, the plaintiffs argue that the verdict was unintelligible because the verdict forms were incomplete and inconsistent, resulting in a verdict that was defective, not merely as a matter of form, but rather, defective as a matter of law. To guide our analysis in determining whether the verdict was defective as a matter of law, we examine the pertinent case law. A verdict is not defective as a matter of law as long as it contains "an intelligible finding so that its meaning is clear." *Kilduff* v. *Kalinowski*, 136 Conn. 405, 409, 71 A.2d 593 (1950). A verdict will be deemed "intelligible if it clearly manifests the intent of the jury." *Gajewski* v. *Pavelo*, 32 Conn. App. 373, 379 n.5, 629 A.2d 465 (1993), rev'd on other grounds, 229 Conn. 829, 643 A.2d 1276 (1994). We note that if a verdict is defective in

*of Education*, 42 Conn. App. 480, 489, 680 A.2d 316 (when case requires court to determine nature of pleading filed by party, courts not required to accept precise label affixed to that pleading by moving party), cert. denied, 239 Conn. 921, 682 A.2d 1000 (1996). We will therefore treat it as a motion to set aside the verdict and for a new trial.

form alone, rather than as a matter of law, the parties should have objected at a time when the mistake could have been corrected. See *Nigro* v. *Hagearty*, 33 Conn. Sup. 609, 610, 364 A.2d 241 (1976); see also *Mallinson* v. *Black*, 41 Conn. App. 373, 381, 675 A.2d 937 (1996) (plaintiff's counsel polled jury to clarify uncertainty in verdict). "We have repeatedly indicated our disfavor with the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, with the assignment of such errors as grounds of appeal." (Internal quotation marks omitted.) *Parker* v. *Shaker Real Estate, Inc.*, 47 Conn. App. 489, 497, 705 A.2d 210 (1998).

We conclude that because the verdict, as rendered, clearly manifests the jury's intent, the verdict was intelligible and the defect was only a matter of form. Turning first to the manner in which the forms were prepared by the jury, we conclude that the verdict forms are consistent. The jury prepared the plaintiffs' verdict form in accordance with the court's instructions. The jury's response on that form, read in light of the court's instructions, could indicate only a verdict in favor of Jeffrey Tisdale and a verdict against Deborah Tisdale. Had the jury intended to find in favor of Deborah Tisdale, it would have placed a check mark next to her name. Compare *Bolmer* v. *McKulsky*, supra, 74 Conn. App. 508–509 (inconsistent verdict forms yield unintelligible verdict).

Additionally, with reference to the plaintiffs' argument as to incompleteness, the fact that the jury did not fill out the defendant's verdict form does not make the verdict forms inconsistent or unintelligible. The verdict, as rendered on the plaintiffs' verdict form, alone, disposes of the issues as to each plaintiff. Compare *Clark* v. *Shaw*, 143 Conn. 114, 117, 119 A.2d 912 (1956)

(verdict forms disposed of issues as related to only one of two defendants). To support their argument that the failure to complete the defendant's verdict form resulted in an unintelligible verdict, the plaintiffs cite *Elliot* v. *Ferguson*, 158 Conn. 553, 264 A.2d 556 (1969).

In *Elliot*, the plaintiff brought two causes of action sounding in negligence against a defendant child and the child's parents. Id., 554. In the first count, the plaintiff claimed that the defendant child negligently had kindled a fire in the plaintiff's home. Id. In the second count, the plaintiff claimed that the parents negligently had failed to maintain control of their child. Id. The jury returned a verdict in favor of the plaintiff, and against the child, on the first count. Id. The court accepted and recorded the verdict. Id. The jury, however, failed to return a verdict with respect to the child's parents. Id. Nevertheless, the court rendered judgment for the parents on the second count. Id. On appeal, our Supreme Court held that the trial court had given inadequate jury instructions concerning the verdict forms. Id., 555. Consequently, the court concluded that "the jury's failure to render a verdict for or against the parents cannot be interpreted in any manner other than a failure to find on one of the material issues of the case." Id.

By citing *Elliot*, the plaintiffs appear to equate the jury's failure to complete the defendant's verdict form to the jury's failure, in *Elliott*, to fully dispose of the issues. We are not persuaded by that comparison. Significantly, in *Elliot*, the court applied the principle that "a verdict, once returned, may be construed with reference to the instructions pursuant to which it was rendered." Id. The instructions in *Elliot* were deemed inadequate because the verdict, read in light of the proffered instructions, could be construed only with respect to the child. By contrast, in this case, the plaintiff does not claim that the instructions were inadequate. The

verdict, read in light of the instructions given, can be construed in a manner whereby it is dispositive as to *both* plaintiffs. Compare *Clark* v. *Shaw*, supra, 143 Conn. 117 (verdicts deemed plainly defective where completed verdict form failed to dispose of the issue concerning which of two defendants was liable); see also *Greco* v. *Keenan*, 115 Conn. 704, 704, 161 A. 100 (1932) (verdict defective where verdict did not fully dispose of issues in case).

Even if we were to conclude that the forms were inconsistent, the transcript indicates that the court clerk twice announced the verdict for the assent of the jurors. Both times the jurors orally agreed, on the record, that this was their verdict. In the absence of disagreement stated on the record, the jury is taken to have assented to the verdict as announced by the court. See *McCaskey Register Co.* v. *Keena*, 81 Conn. 656, 659–60, 71 A. 898 (1909) (jurors not bound to signed verdict form; rather, verdict is what jurors assent to in open court). The clerk inquired on two occasions, in two different ways, whether the verdict, as read by him, was correct. By assenting to the verdict as read, the jury twice confirmed that the clerk's interpretation of the verdict forms was correct. Additionally, the court accepted the verdict. "Acceptance of the verdict signifies that the court views it as satisfactorily responding to the issues in the case." *Suburban Sanitation Service, Inc.* v. *Millstein*, 19 Conn. App. 283, 289, 562 A.2d 551 (1989). In that manner, a double safeguard is provided against mistake. See *State* v. *DiPietro*, 120 Conn. 537, 539, 181 A. 716 (1935). Accordingly, the jury's failure to complete the defendant's verdict form did not constitute a substantive defect. See *Ferris* v. *Hotel Pick Arms, Inc.*, 147 Conn. 72, 74, 157 A.2d 106 (1959) ("[a]mple opportunity is thus afforded, and designedly so, for the court, counsel, and the jurors to comprehend the verdict

and to cure any misunderstanding before the final assent").

Still, the plaintiffs argue that although the jury twice verbally assented to the verdict, the verdict was read to the jury inconsistently. On the basis of that distinction and considering the manner in which the forms were completed, the plaintiffs argue that there exists an ambiguity that precludes an intelligible verdict despite the jury's verbal assent. We disagree. The clerk's use of the word "nothing" with respect to Deborah Tisdale, on the ground that the jury did not place a check mark next to her name, has two possible meanings: (1) the jury found in favor of Jeffrey Tisdale and not Deborah Tisdale; or (2) the clerk attempted to correct the defect, failure to complete the defendant's verdict form, in light of the jury's silence with respect to Deborah Tisdale on the plaintiffs' verdict form. If it is the former, then we believe that the jury's verbal assent vitiates any ambiguity, as the verdict is said to be what the jury assented to in open court. If it is the latter, then the clerk properly corrected the technical informality in the jury's written verdict. See *Watertown Ecclesiastical Society's Appeal from Probate*, 46 Conn. 230 (1878).

In *Watertown Ecclesiastical Society's Appeal from Probate*, following acceptance of the verdict by the court, the clerk read the jury the written verdict. Id., 232. The clerk stated that the jury had found for the appellee in the amount of $1674. Id. The jury assented to the verdict as read and accepted despite the fact that the verdict form indicated that the jury awarded the appellee "sixteen and seventy-four dollars." (Internal quotation marks omitted.) Id., 233. On appeal, our Supreme Court held that the clerk merely corrected an informality in the form and that the jury's acceptance of the corrected verdict, as read by the clerk, was proper. Id.

Similarly, the clerk in this case, acting on behalf of the court, corrected the technical informality and read the verdict forms to the jury twice in open court. Each time that the verdict was read to the jury, the court asked the jurors whether the verdict, as read to them, was their verdict. "Under the procedure for receiving, accepting and recording a verdict . . . the final assent of the jurors, given after the verdict has been read aloud by the clerk, accepted and ordered recorded by the court . . . makes the verdict." (Internal quotation marks omitted.) *Josephson* v. *Meyers*, 180 Conn. 302, 309, 429 A.2d 877 (1980), quoting *Ferris* v. *Hotel Pick Arms, Inc.*, supra, 147 Conn. 74. We therefore conclude that the defect was not a matter of law, but instead a matter of form.

With that conclusion in mind, we note that during oral argument, counsel for the plaintiff conceded the fact that he should have reviewed the verdict forms and that he would do so in the future.[11] As we previously stated, given that the defect was one of form only, we do not look favorably on grounds for appeal arising in the absence of timely objections at trial. See *Parker* v. *Shaker Real Estate, Inc.*, supra, 47 Conn. App. 497 (plaintiffs not able to prevail on claim that they were entitled to new trial where, after jury discharged, court recalled jury to correct incomplete caption on verdict form).

On the basis of the foregoing analysis, we conclude that the jury's verdict was not defective as a matter of law. The court did not abuse its discretion in denying the plaintiffs' motion.

---

[11] During oral argument, the plaintiffs' counsel stated: "It wasn't until we got to court on the motion to set aside that we actually saw the physical forms. . . . Both of us are going to make sure we look at the forms in future cases. At the time, they weren't viewed, and it was assumed that the clerk was reading from what he had. . . ."

## II

The plaintiffs claim that the court improperly denied their motion to set aside the verdict because if the jury did in fact return a verdict with respect to Deborah Tisdale's claim, the verdict, awarding $40,000 in compensatory damages to Jeffrey Tisdale, while presumably awarding $0 to Deborah Tisdale for her loss of consortium claim, was inconsistent, against the manifest weight of the evidence and inadequate.

That claim presumes that the jury returned a plaintiffs' verdict in favor of Deborah Tisdale, but awarded her no damages. To reach the conclusion urged by the plaintiff, we (1) would have to speculate that the jury ignored the court's instructions, (2) would have to speculate that the jury reached a verdict in favor of Deborah Tisdale without completing any portion of the form as to her, (3) would have to read into the plaintiffs' verdict form a check mark next to Deborah Tisdale's name and (4) would have to speculate that the jury intended its silence, concerning damages, to imply a written "$0" or "zero." Our law is clear that we are not permitted to speculate, as the plaintiff urges us to do. See *Suburban Sanitation Service, Inc.* v. *Millstein,* supra, 19 Conn. App. 290 (reviewing court will not speculate about jury's intentions); *Webster Bank* v. *Flanagan,* 51 Conn. App. 733, 753, 725 A.2d 975 (1999) (reviewing court will not speculate about trial court's impressions). Accordingly, we conclude that the court properly denied the plaintiffs' motion.

The judgment is affirmed.

In this opinion the other judges concurred.