TODD BOLMER *v*. CHRISTOPHER MCKULSKY ET AL.
(AC 22435)

Lavery, C. J., and Bishop and Dupont, Js.

---

Argued October 31, 2002—officially released January 14, 2003

*Richard L. Newman*, for the appellant (plaintiff).

*Lawrence L. Connelli,* for the appellees (named defendant et al.).

*Patty G. Swan,* with whom, on the brief, were *Jon S. Berk* and *Michael C. Conroy,* for the appellee (defendant Travelers Property and Casualty Company).

*Opinion*

BISHOP, J. The plaintiff, Todd Bolmer, appeals from the judgment of the trial court, rendered after the jury's verdict for the defendants, Christopher McKulsky, John McKulsky and Aetna Casualty and Surety Company, now Travelers Property and Casualty Company (Travelers),[1] on a claim of negligence arising out of an automobile accident. The plaintiff claims that the court improperly (1) directed a verdict for the defendant on the plaintiff's claims of statutory and common-law recklessness, (2) excluded a portion of the deposition testimony of Abby Uszakiewicz, a passenger in the defendant's vehicle, (3) accepted a jury verdict form that was unintelligible and confusing, and (4) denied the plaintiff's motion to set aside the verdict. The plaintiff also claims that the jury could not have reasonably and legally found that the defendant was not negligent.[2] We affirm the judgment of the trial court.[3]

Count one of the complaint alleged negligence on the part of the defendant. Count two alleged that John McKulsky was the owner of the defendant's vehicle and, hence, liable under the family car provision of

---

[1] Christopher McKulsky was the driver of one of the vehicles involved in the automobile collision that gave rise to this action. Also named as defendants are John McKulsky, Christopher McKulsky's father and the owner of the car Christopher McKulsky was driving, and Travelers. For convenience, only Christopher McKulsky will be referred to as the defendant.

[2] The plaintiff's claims will be discussed out of turn.

[3] Travelers has asked this court to sever the claim against it from the claims against the defendants John McKulsky and Christopher McKulsky in the event that we order a new trial. Because we find that no new trial is warranted, we need not reach that matter.

General Statutes § 52-182. Counts three and four alleged recklessness on the part of the defendant, statutory pursuant to General Statutes § 14-222 and under a common-law theory. Count five alleged liability on the part of Travelers as the provider of the defendant's underinsured motorists benefits.

The jury reasonably could have found the following facts. On June 18, 1997, the plaintiff was driving north along Route 188 in Oxford while the defendant, accompanied by three others, was driving south. At the location of the incident, Route 188 takes a very sharp turn. As the defendant approached the curve, there was a sign indicating that the speed limit was twenty miles per hour and an arrow showing the severity of the curve. Prior to the incident, rain had begun to fall lightly. The plaintiff's and the defendant's vehicles collided while both vehicles were in the curved portion of the highway.

At the close of the plaintiff's case, the court directed a verdict for the defendant on the third and fourth counts of the complaint, i.e., the statutory and common-law recklessness claims. The jury returned a verdict for the defendant on the negligence count of the complaint, and for the other defendants on counts two and five. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff's first claim is that the court improperly directed a verdict for the defendant on the third and fourth counts of the complaint, i.e., the common-law and statutory recklessness claims. We are not persuaded.

"A directed verdict is justified if, on the evidence the jury reasonably and legally could not have reached any other conclusion. . . . In reviewing the trial court's decision to direct a verdict in favor of a defendant we

must consider the evidence in the light most favorable to the plaintiff. . . . While it is the jury's right to draw logical deductions and make reasonable inferences from the facts proven . . . it may not resort to mere conjecture and speculation." (Citations omitted; internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 255 Conn. 390, 400, 766 A.2d 416 (2001).

The only evidence of causation the plaintiff offered during his case-in-chief was the testimony of Trooper Edward Anuszewski of the state police, who testified that the defendant, after the accident, informed him that he had been traveling on Route 188 at about thirty-five miles per hour, that his vehicle drifted over the center line of the road and collided with the plaintiff's vehicle. Anuszewski also testified that the road, at the site of the collision, took a sharp turn and that there was, on the defendant's side of the road, a yellow sign with an arrow indicating the extent of the curve along with a twenty mile per hour posted speed limit. The plaintiff did not testify as to causation. He did not call the defendant to testify concerning the accident, nor did he offer any accident reconstruction testimony. Following the completion of the plaintiff's evidence, the court directed a verdict for the defendant on the recklessness claims.

To establish recklessness by the defendant, "the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts . . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take

on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) *Shay* v. *Rossi*, 253 Conn. 134, 181, 749 A.2d 1147 (2000).

After considering the evidence in the light most favorable to the plaintiff, we agree that there was insufficient evidence for a reasonable jury to conclude that the defendant acted recklessly. The evidence presented by the plaintiff did not tend to show that the defendant took "reckless disregard of the just rights or safety of others or of the consequences of [his] action"; (internal quotation marks omitted) id.; or that the defendant had engaged in "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Id. Therefore, the court properly ordered directed a verdict in the defendant's favor on the recklessness claims.

## II

The plaintiff's next claim is that the court improperly excluded from evidence a portion of the deposition testimony of Uszakiewicz pertaining to her receipt of funds from a representative of the defendant. We disagree.

"Trial courts have broad discretion in determining the relevancy and admissibility of evidence. . . . In order to establish reversible error, the [plaintiff] must prove both an abuse of discretion and a harm that resulted from such abuse." (Citations omitted.) *Bovat* v. *Waterbury*, 258 Conn. 574, 594, 783 A.2d 1001 (2001). We find no abuse of discretion in this case.

Uszakiewicz was a passenger in the defendant's vehicle at the time of the accident and, according to her deposition, witnessed the plaintiff's vehicle partially

over the center line of the road moments before the collision. She was subpoenaed to testify at trial, but explained that she could not attend because her infant child was ill. Counsel for all parties agreed, as did the court, that her deposition, less any objectionable portions, would be used in substitution for her oral testimony.

The defendant objected to the introduction of a portion of Uszakiewicz' deposition testimony regarding the receipt of funds from the defendant's insurance carrier as being overly prejudicial.[4] The plaintiff argued that the acceptance of funds from the defendant's insurance carrier was inconsistent with her testimony that she believed it was the plaintiff's vehicle that was partially in the defendant's lane. The court agreed with the defendant and excluded the portion of the deposition testimony regarding Uszakiewicz' receipt of funds.

The plaintiff claims that the proffered testimony was admissible to impeach or to weaken the import of Uszakiewicz' testimony. He argues that the acceptance of funds from the defendant's insurance carrier by Uszakiewicz served to refute the implication from her testimony that the collision was due to the plaintiff's acts.

---

[4] The portion of the deposition to which the defendant objected is as follows:

"Q. Did you receive any compensation from any party involved in the collision?

"A. What's that; money?

"Q. Did anybody give you money?

"A. Yeah, I got $6000.

"Q. From who?

"A. An insurance company.

"Q. Which one?

"A. I think [the defendant's]; it's USAA or something like that, or USSA.

"Q. Did you negotiate that settlement by yourself or did you have representation?

"A. They offered a settlement. My mom handled that; I don't know. They offered us a settlement, and the next thing I know, I have $6000."

We agree with the defendant that the proffered testimony would have been confusing to a jury and was not inconsistent with the balance of her testimony. At her deposition, Uszakiewicz testified that she received funds from the defendant's insurance carrier, but she was unsure on what basis it had been paid to her because her mother had handled the matter. It is unclear, therefore, whether Uszakiewicz' receipt of funds was in response to a third party claim made to the defendant's insurance carrier or was simply the result of a medical payments claim. Also, even if her receipt of funds could have been construed as the fruits of such a claim, her testimony was not inconsistent with having sought a settlement with the defendant. In her deposition, Uszakiewicz indicated not only that she witnessed the plaintiff's vehicle over the center line of the road, but also that she had no knowledge of where the defendant's vehicle was in relation to the center line. In sum, she did not testify that she believed it was the plaintiff who was at fault for the accident. Under these circumstances, the introduction of the fact that Uszakiewicz had received sums from a representative of the defendant would not have contradicted her testimony and would have been unduly prejudicial to the defendant where the plaintiff made no offer of proof and did not offer any evidence that she, in fact, had made a claim premised on the defendant's liability. We conclude that the court did not abuse its discretion in excluding that portion of Uszakiewicz' deposition testimony.

### III

The plaintiff's next claim is that the jury could not reasonably and legally have found that the defendant was not negligent in light of the weight of the testimony and the uncontroverted physical evidence. We disagree.

The plaintiff claims that the overwhelming weight of the evidence supports his claim that the collision was

due to the defendant's negligence. The plaintiff directs our attention to evidence that there was a sign marking the speed limit as twenty miles per hour, a sign showing the sharpness of the curve, and Anuszewski's testimony that the defendant stated that he had been traveling at thirty-five miles per hour and that his vehicle drifted into the plaintiff's lane. At trial, however, the defendant testified that Anuszewski's report was inaccurate and that it was the plaintiff who was speeding around the curve and had drifted into the defendant's lane. The plaintiff disparages the defendant's trial testimony as inconsistent with the statement to Anuszewski at the accident scene. Additionally, the plaintiff contends that Uszakiewicz' testimony that the plaintiff's vehicle was over the center line was of limited reliability because she was unable to state in which lane the defendant's vehicle was located.

"A party challenging the validity of the jury's verdict on grounds that there was insufficient evidence to support such a result carries a difficult burden. In reviewing the soundness of a jury's verdict, we construe the evidence in the light most favorable to sustaining the verdict. . . . We do not ask whether we would have reached the same result. [R]ather, we must determine . . . whether the totality of the evidence, including reasonable inferences therefrom, supports the jury's verdict . . . . If the jury could reasonably have reached its conclusion, the verdict must stand." (Citations omitted; internal quotation marks omitted.) *Pestey* v. *Cushman*, 259 Conn. 345, 369–70, 788 A.2d 496 (2002).

The testimony of the defendant and Uszakiewicz was sufficient to contradict the plaintiff's claim that the defendant was at fault. We conclude, therefore, that there was a reasonable evidentiary basis for the jury's conclusion that the defendant was not negligent.

## IV

The plaintiff's next claim is that the court improperly accepted the jury verdict based on jury verdict forms that were unintelligible and confusing, and were filled out inconsistently. We disagree.

The court submitted a plaintiff's verdict form and defendant's verdict form to the jury.[5] The plaintiff objected to the plaintiff's verdict form on the grounds that the order of the questions was confusing and misleading. He claims that it was misleading to ask the jury to consider whether the plaintiff was negligent before considering whether the defendant was negligent. Also, the court charged the jury that it would not need to reach the plaintiff's verdict form at all if it found that the plaintiff was more than 50 percent negligent; the jury only would need to sign the defendant's verdict form. The plaintiff argues that because the jury partially completed the plaintiff's verdict form, that implies that the jury found that the defendant was negligent because

---

[5] Specifically, the plaintiff's jury form stated and was answered in relevant part:

"1. As to the plaintiff:

"A. NON-ECONOMIC DAMAGES:

"(Compensation for all non-pecuniary losses, including, but not limited to, physical pain and suffering, mental and emotional pain and suffering, permanent injury, disability or impairment, and the ability to participate in and enjoy life's activities.)

$ 0.00

"2. Total Damages (same as 1(A))          $ 0.00

"3. Was the plaintiff, Todd Bolmer, negligent?          [Yes]

"4. If your answer to Question #3 is 'YES,' what percentage of negligence is attributable to Todd Bolmer?          100%

"(If your answer to Question #4 is greater than 50 percent, sign the Defendants' Verdict form, and do not complete any portion of this form. If your answer is 50 percent, or less than 50 percent, go on to Question #5.)

"5. Was the defendant, Christopher McKulsky, negligent? [Unanswered]

"(If your answer is 'NO,' sign the Defendant's Verdict form. If your answer is 'YES,' go on to Question #6.)

"6. What percentage of negligence is attributable to the defendant, Christopher McKulsky?          [Unanswered] . . . ."

the jury is presumed to follow the charge it receives from the court.

"[O]ur cases recognize that a trial court has broad discretion to regulate the manner in which interrogatories are presented to the jury, as well as their form and content. . . . Interrogatories should generally be few in number, and never so numerous as to confuse or perplex the jury in rendering their verdict. They should be so clear and concise as to be readily understood and answered by the jury. Each question should call for a finding of but a single fact. When practicable each question should be so framed as to call for a categorical answer. Each question should ask for the finding of a fact and never for a conclusion of law. No question should ask for the finding of a purely evidential fact nor an uncontroverted fact. Although not wholly covering, nor necessarily controlling, the determination of any issue framed, the fact sought to be elicited must be pertinent to some issue, and one which may be of material weight in deciding it. No interrogatory should be permitted, the response to which cannot serve either to limit or explain a general verdict, or aid in proceedings for a subsequent review of the verdict or judgment which may be rendered." (Citations omitted; internal quotation marks omitted.) *Hammer* v. *Mount Sinai Hospital*, 25 Conn. App. 702, 708–709, 596 A.2d 1318, cert. denied, 220 Conn. 933, 599 A.2d 384 (1991). We therefore review the matter to determine if the court abused its discretion in employing the verdict forms in question.

After examining the plaintiff's verdict form, we conclude that the order of the questions was neither misleading nor confusing. The form asks, quite clearly, for the findings of fact the court sought to elicit from the jury. The fact that the form asked whether the plaintiff was negligent before asking whether the defendant was negligent was of no legal consequence. Also, the jury

did not, as the plaintiff contends, inconsistently complete the forms. The jury, on the plaintiff's verdict form, indicated that it found the plaintiff to be 100 percent negligent, and the foreperson signed the defendant's verdict form. The jury's finding that the plaintiff was wholly at fault is entirely consistent with a verdict for the defendant. On that basis, we cannot conclude that the court abused in discretion in utilizing the jury verdict forms in question because the language they contained was neither unintelligible nor confusing. Finally, the manner in which the jury forms were completed does not reflect any confusion on the jury's part.

## V

The plaintiff's final claim is that the court improperly denied his motion to set aside the verdict on the basis of his four previous claims. We disagree.

"[T]he proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict and motion for a new trial . . . [is] the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We do not . . . determine whether a conclusion different from the one reached could have been reached. . . . A verdict must stand if it is one that a jury reasonably could have returned and the trial court has accepted." (Citation omitted; internal quotation marks omitted.) *White* v. *Westport*, 72 Conn. App. 169, 176–77, 804 A.2d 1011 (2002).

Our resolution of the plaintiff's preceding claims is determinative of this claim. We have concluded that the jury reasonably could have found in favor of the defendant on the negligence claim and that the court

did not improperly direct a verdict for the defendant on the recklessness claims. We also have found that the court did not improperly exclude the testimony of Uszakiewicz or submit misleading verdict forms to the jury. The evidence fairly before the jury was adequate to sustain its verdict. We therefore conclude that the court's denial of the plaintiff's motion to set aside the verdict was proper.

The judgment is affirmed.

In this opinion the other judges concurred.