******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HERBERT SHOOK *v.* ASHLEY BARTHOLOMEW

HERBERT SHOOK *v.* EASTERN CONNECTICUT
HEALTH NETWORK, INC.
(AC 38945)

DiPentima, C. J., and Mullins and Norcott, Js

*Argued March 6—officially released June 20, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Peck, J.)

*Kathleen F. Adams*, with whom, on the brief, was
*Peter J. Ponziani*, for the appellants (defendant in
each cases).

*Alinor C. Sterling*, with whom was *Emily B. Rock*,
for the appellee (plaintiff in both cases).

*Opinion*

MULLINS, J. In these consolidated actions, the defendants, Ashley Bartholomew and her employer, Eastern Connecticut Health Network, Inc., appeal from the judgments of the trial court, rendered in favor of the plaintiff in both actions, Herbert Shook, following a jury trial. On appeal, the defendants claim that the court improperly (1) refused to instruct the jury on apportionment of liability on the basis of comparative negligence despite the submission of a request to charge on that doctrine, (2) permitted the plaintiff to introduce evidence regarding his driving history, and (3) denied their motion to set aside the verdict. We affirm the judgments of the trial court.

The jury reasonably could have found the following facts on the basis of the evidence presented. On November 21, 2012, at approximately 4:45 p.m., the plaintiff exited off of Interstate 84 in Manchester. It was the day before Thanksgiving and traffic was heavy. He stopped at the red light on the exit ramp in preparation to take a left turn onto Deming Street. The intersection is a busy four-way intersection, essentially in the shape of a cross or a plus sign, with many lanes. Some of the lanes of the intersection are for left turns, some for right turns and some for vehicles traveling straight through the intersection. There are traffic signals in the center of the intersection. The plaintiff's vehicle, which had exited Interstate 84, was facing north toward Avery Street; running east to west at the intersection is Deming Street. When the left arrow for the plaintiff's lane turned green, the plaintiff proceeded slowly into the intersection, intending to turn left (west) onto Deming Street. Bartholomew, who was traveling east on Deming Street in her Toyota Camry, hit the plaintiff's vehicle directly on the driver's side door. Although Bartholomew applied her breaks prior to impact, the plaintiff still sustained serious life-threatening injuries. Several witnesses saw the accident and gave statements to the police and/or provided testimony to the jury. The statements and testimony of those witnesses, varied greatly. Some of the witnesses stated that Bartholomew ran through a red light, and that the plaintiff had a green light. Other witnesses stated that the plaintiff ran through a red light, and that Bartholomew had a green light.

The plaintiff filed a complaint sounding in negligence against Bartholomew, and, in a separate action, he filed a complaint alleging vicarious liability against Eastern Connecticut Health Network, Inc., as the accident occurred during the course of Bartholomew's employment. The defendants each filed answers and the special defense of comparative negligence. In their special defenses, the defendants alleged that the plaintiff had been negligent in several different ways, including, that he entered the intersection while his light was red, that

he failed to observe that east and west traffic on Deming Street was crossing in front of him and that it was not safe to enter the intersection, and that he failed to maintain a reasonable lookout for other vehicles. The plaintiff denied the special defenses.

The two separate cases that the plaintiff had filed, one against each defendant, later were consolidated for trial, and counsel agreed that the pleadings and the record in one case applied equally to the other case and vice versa. The matter then was tried to a jury over the course of several days.

On November 23, 2015, the defendants submitted a request to charge that included various proposed instructions on comparative negligence. During the on-the-record charging conference, the plaintiff's attorney argued that there was no evidence to support a charge on comparative negligence on the plaintiff's part. He contended that the evidence demonstrated either that the plaintiff had a red light and ran through it, or that Bartholomew had a red light and ran through it, and that this was the manner in which the case was tried.

In response, the defendants' attorney argued: "It's the defendants' position that the evidence does support the issuance of the charge. The jury could find comparative negligence here, even if it found one operator or the other ran the red light, specifically if they found [Bartholomew] went through the red light . . . . [T]he jury could still find—whether it's a probability or not, we don't know, but it's possible they could still find—that, due to the configuration of this intersection, the sightlines available, the opportunity to perceive and react, [that] nonetheless, there is some comparative fault to be apportioned here, even if they found that one operator or the other, in fact, committed negligence per se in running the red light. So it's the defendants' position that the evidence in the case does support the issuance of the charge on comparative negligence."

The court responded that it recognized that there was a special defense alleging comparative negligence and that the defendants had requested a comparative negligence instruction, but that it did not "remember any evidence at all concerning any of the sightlines." The court stated that it thought a comparative negligence instruction, wherein the jury could apportion some liability to the plaintiff, might confuse the jury because the case was tried as one in which the only issue was "who ran the red light." Additionally, the court stated that it had not "heard anything from counsel, very frankly, either in chambers or in court, that would persuade [it] otherwise . . . ." After some unrelated discussion, the defendants' counsel stated that he was taking an exception to the court's ruling on the comparative negligence instruction.

After the court instructed the jury, the defendants'

counsel again noted his exception. The jury returned a plaintiff's verdict, and the defendants filed a motion to set aside the verdict, which the court denied. On February 23, 2016, the court rendered judgments in favor of the plaintiff. This appeal followed.

## I

The defendants claim that the court improperly refused to instruct the jury that it could apportion liability on the basis of comparative negligence as requested in their proposed charge. They argue that there was a "clear record [of] evidence supporting a comparative negligence finding," and that there are statutes supporting such a finding and a jury charge on this issue. Additionally, the defendants contend that, even if the plaintiff had the green light, "Supreme Court authority expressly holds that comparative negligence principles apply when the plaintiff operator has the green light and the right-of-way." The defendants cite to specific evidence in the record, statutes, and Supreme, Appellate and Superior Court case law to support their contentions. The plaintiff argues in part that the defendants failed to alert the trial court to the applicability of the cases and the statutes they now cite on appeal.

We conclude that the defendants did not present these evidentiary arguments, statutes, and cases to the trial court, and, further, that they failed to comply with the specific requirement in Practice Book § 16-23 to set forth evidence to support a comparative negligence instruction in their request to charge. See also Practice Book § 16-21. Accordingly, we decline to review this claim.

"Pursuant to Practice Book § 60-5: 'The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . .' 'As we have repeatedly reiterated, issues not properly raised before the trial court will ordinarily not be considered on appeal. . . . We have referred to the policy reasons underlying the preservation requirement on several occasions. The policy serves, in general, to eliminate the possibility that: (1) claims of error would be predicated on matters never called to the attention of the trial court and upon which it necessarily could have made no ruling in the true sense of the word; and (2) the appellee . . . would be lured into a course of conduct at the trial which it might have altered if it had any inkling that the [appellant] would . . . claim that such a course of conduct involved rulings which were erroneous and prejudicial to him.' " *Rendahl* v. *Peluso*, 173 Conn. App. 66, 105–106,     A.3d     (2017).

Our decision also is guided by other rules of practice. Practice Book § 16-20 provides: "An appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception

has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. The exception shall be taken out of the hearing of the jury.”

Practice Book § 16-21 provides in relevant part: “Any party intending to claim the benefit of the . . . provisions of any specific statute shall file a written request to charge on the legal principle involved.” See also *Mancaniello* v. *Guile*, 154 Conn. 381, 385, 225 A.2d 816 (1966) (party intending to rely on specific statute should submit written request to charge specifically citing statute). The party requesting a charge on a specific statute has the burden to demonstrate the statute’s application, meaning, and effect on the case. See *Lowell* v. *Daly*, 148 Conn. 266, 269–71, 169 A.2d 888 (1961).

Practice Book § 16-23 (a) provides: “When there are several requests, they shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, *and the evidence to which the proposition would apply*. Requests to charge should not exceed fifteen in number unless, for good cause shown, the judicial authority permits the filing of an additional number. If the request is granted, the judicial authority shall apply the proposition of law to the facts of the case.” (Emphasis added.)

As so aptly explained in W. Horton & K. Knox, 1 Connecticut Practice Series: Superior Court Civil Rules (2016–2017 Ed.) § 16-20, author’s comments, p. 734: “Litigants can preserve their appellate rights concerning the judge’s charge to the jury by filing written requests to charge consistent with the court rules . . . .”

“The purpose of a request to charge is to inform the trial court how a principle of law applies to the facts of the case. The authors advise that a proper format for a request to charge is: (1) state the request, which may or may not refer to the evidence; (2) follow with a paragraph entitled ‘citation of authority’; and (3) follow with a paragraph entitled ‘evidence to which the request would apply,’ if the request itself does not include a reference to the evidence. Counsel often omit references to evidence, *a requirement* which was added to the rule in 1980, but they do so at their own peril.” (Emphasis added.) Id., § 16-23, author’s comments, p. 738.

“The Appellate Court noted the requirement that a request to charge must include a citation to the evidence on which it is based in *State* v. *Williams*, 59 Conn. App. 771, 778–82, [758 A.2d 400] (2000), rev’d on other grounds, 258 Conn. 1, 778 A.2d 186 (2001) (noncompliance with parallel criminal rule excused). See also *State* v. *Rudd*, 62 Conn. App. 702, [707–708], [773 A.2d 370] (2001). . . . The request should refer the law to the

relevant facts, *State* v. *Martin*, 15 Conn. App. 58, 65, [544 A.2d 231] (1988), [aff'd], 211 Conn. 389, 559 A.2d 707 (1989); *McGloin* v. *Southington*, 15 Conn. App. 668, 671, [546 A.2d 906] (1988); and requests not applicable to the facts are properly refused. *Batick* v. *Seymour*, 186 Conn. 632, 643, [443 A.2d 471] (1982). If the request contains a factual statement involving facts claimed by one party, it should also include the facts claimed by the opposing party on the point. *Pickens* v. *Miller*, 119 Conn. 553, 555, [177 A. 573] (1935), and *Kast* v. *Turley*, 111 Conn. 253, 258, [149 A. 673] (1930). . . .

"A request is properly refused if it contains an inadequate statement of the law as applied to the facts, *State* v. *Manganella*, 113 Conn. 209, 218, [155 A. 74] (1931), if it is argumentative on the facts, *Colucci* v. [*Pinette*, 185 Conn. 483, 441 A.2d 574 (1981)], or emphasizes unfairly certain elements of the case, *Radwick* v. *Goldstein*, 90 Conn. 701, [706–707], [98 A. 583] (1916), or embodies a hypothetical case, *Shields* v. *O'Reilly*, 68 Conn. 256, 261, [36 A. 49] (1896), or if it is based on the assumption of facts still in dispute, *Eckstrand* v. *Union Carbide Corp.*, 169 Conn. 337, 342, [363 A.2d 124] (1975), or based upon assumed facts likely to mislead the jury, *Miller* v. *Connecticut Co.*, 112 Conn. 476, 479, [152 A. 879] (1931), or states some of the facts but leaves out other relevant facts, *Bunnell* v. *Waterbury Hospital*, 103 Conn. 520, 528, [131 A. 501] (1925)." (Citations omitted.) 1 W. Horton & K. Knox, supra, § 16-23, pp. 739–40.

In this case, the defendants submitted a written request to charge that contained proposed instructions, each of which contained a citation to a specific section or sections of the Connecticut Judicial Branch Civil Jury Instructions, which are available at http://www.jud.ct.gov/ji/Civil/Civil.pdf (last visited June 7, 2017). The request contained no facts or evidence tailored to this particular case, it contained none of the statutory references that the defendants argue are relevant on appeal, and it gave no guidance to the court as to how the principles of comparative negligence applied *to the facts* of this case. Although the arguments that the defendants make on appeal, arguably, may be persuasive in light of the transcripts, the trial court did not have the benefit of any of these arguments when it considered the defendants' request to charge or when it heard oral argument on the request. The court specifically told counsel that it did not recall evidence of any sightlines, and, even with that statement by the court, counsel did not seek to explain what evidence warranted a comparative negligence instruction.

In reaching our conclusion, in addition to Practice Book §§ 60-5, 16-20, 16-21 and 16-23, we also are guided by our Supreme Court's decision in *Hall* v. *Burns*, 213 Conn. 446, 569 A.2d 10 (1990). In holding that the trial court did not improperly refuse to charge the jury in

accordance with one of the plaintiff's requested instructions, our Supreme Court concluded that "[t]he request was defective"; id., 482; because it "did not refer to any evidence and was an abstract proposition of law." Id., 483. The court explained: "The object in filing a request to charge is to inform the trial court of a party's claim of the applicability of a principle of law to the case. . . . Our rules provide that each request to charge should contain a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, *and the evidence to which the proposition would apply* . . . . A proper request to charge cannot, therefore, under our practice merely be a statement of an abstract proposition of law . . . ." (Emphasis in original; internal quotation marks omitted.) Id., 482–83; see also *Konover Development Corp.* v. *Zeller*, 228 Conn. 206, 214 n.5, 635 A.2d 798 (1994) ("[t]he purpose of [Practice Book § 16-23] is to require parties to inform the trial court of the manner in which a rule of law applies to a particular case, rather than simply stating an abstract proposition of law").

In the present case, the defendants cited abstract theories of law in their request to charge with no tailoring of the facts so that the court could ascertain how those theories fit this case. When the defendants' counsel was given a further opportunity during argument on his request to charge, he told the court that the instruction was warranted because there was evidence in the form of "the configuration of this intersection, the sightlines available, [and] the opportunity to perceive and react . . . ." The trial court then stated that it had no recollection of any evidence regarding sightlines, and that the defendants had not presented anything that would persuade the court that an instruction was warranted.[1] Although, on appeal, the defendants point to evidence, statutes, and case law that might be relevant to a comparative negligence instruction in this case, that information was not presented to the trial court. The defendants cite no authority that stands for the proposition that the trial court has an obligation to scour the record in order to substantiate counsel's request to charge, and we are not aware of any such authority. On the basis of this record, we conclude that it would amount to ambuscade of the trial court to find error on these particular facts. See generally *State* v. *Johnson*, 288 Conn. 236, 287–88, 951 A.2d 1257 (2008) ("to afford petitioners on appeal an opportunity to raise different theories of objection would amount to ambush of the trial court because, [h]ad specific objections been made at trial, the court would have had the opportunity to alter [the charge] or otherwise respond" [internal quotation marks omitted]).

II

The defendants also claim that the court improperly

permitted the plaintiff, over their objection on the basis of relevancy, to introduce character evidence in the form of his driving history. Specifically, the defendants argue that "the trial court allowed the plaintiff to testify that he had only been involved in one other car accident, which occurred approximately twenty years ago, when a car bumped him while he was stopped at a light."[2] We conclude that this claim is not preserved for our review.[3]

"[T]he standard for the preservation of a claim alleging an improper evidentiary ruling at trial is well settled. This court is not bound to consider claims of law not made at trial. . . . In order to preserve an evidentiary ruling for review, trial counsel must articulate the basis of the objection so as to apprise the trial court of the precise nature of the objection and its real purpose, in order to form an adequate basis for a reviewable ruling. . . . Once counsel states the authority and ground of [the] objection, any appeal will be limited to the ground asserted." (Citation omitted; internal quotation marks omitted.) *Birkhamshaw* v. *Socha*, 156 Conn. App. 453, 486, 115 A.3d 1 (trial objections on ground of relevance failed to preserve for appellate review claim that testimony was improper character evidence), cert. denied, 317 Conn. 913, 116 A.3d 812 (2015).

"These requirements are not simply formalities. They serve to alert the trial court to potential error while there is still time for the court to act. . . . Assigning error to a court's evidentiary rulings on the basis of objections never raised at trial unfairly subjects the court and the opposing party to trial by ambush." (Internal quotation marks omitted.) *Perez* v. *D & L Tractor Trailer School*, 117 Conn. App. 680, 693, 981 A.2d 497 (2009) (trial objections on ground of relevance failed to preserve for appellate review claim that testimony was improper character evidence), cert. denied, 294 Conn. 923, 985 A.2d 1062 (2010). As in *Birkhamshaw* and *Perez*, the defendants in the present case objected to the subject testimony on the basis of relevance, not improper character evidence, and they, therefore, failed to preserve this claim for appellate review.

## III

The defendants also claim that the court abused its discretion in denying their motion to set aside the verdict. Specifically, the defendants argue: "More particularly, the trial court should have set aside the verdict based on the jury's failure to consider comparative [negligence], the improper jury charge regarding comparative [negligence] and/or the improper admission of evidence regarding the plaintiff's driving history." We disagree.

"[T]he proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict and motion for a new trial . . . [is] the abuse of discretion standard. . . . In

determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We do not . . . determine whether a conclusion different from the one reached could have been reached. . . . A verdict must stand if it is one that a jury reasonably could have returned and the trial court has accepted." (Internal quotation marks omitted.) *Bolmer* v. *McKulsky*, 74 Conn. App. 499, 510, 812 A.2d 869, cert. denied, 262 Conn. 954, 818 A.2d 780 (2003).

We conclude that our resolution of the defendants' preceding claims; see parts I and II of this opinion; which form the basis of the present claim, is determinative of the outcome of the present claim. See *Kramer* v. *Petisi*, 91 Conn. App. 26, 37, 879 A.2d 526 (2005) (when claimed basis for improper denial of motion to set aside verdict is same error alleged and decided in another part of present appeal, previous conclusion of no error is determinative of outcome of this claim), aff'd, 285 Conn. 674, 940 A.2d 800 (2008); *Bolmer* v. *McKulsky*, supra, 74 Conn. App. 510–11 (same). Accordingly, the court did not abuse its discretion in denying the defendants' motion to set aside the verdict.

The judgments are affirmed.

In this opinion the other judges concurred.

[1] We also have found no evidence related to sightlines in the record. Furthermore, we are unable to ascertain how the "configuration of this intersection" supports a comparative negligence instruction, and the defendants did not attempt to explain this to the court. We also are unable to ascertain, and the defendants did not explain to the trial court, exactly what they meant by "the opportunity to perceive and react" and how that might relate to a comparative negligence instruction.

[2] The specific testimony, which occurred on direct examination by the plaintiff's attorney, was as follows:

"Q: Other than this accident, have you ever been in any other car accident in your life?

"[The Defendants' Attorney]: Objection, relevance.

"[The Plaintiff's Attorney]: It's relevant.

"The Court: You know, it'll go to the weight. I'm going to allow it. It will be up to the jury to determine what weight to give it.

"Q: Other than this accident, have you ever been in any other accident, car accident, in your life.

"A: I think about twenty years ago, a car bumped me when I was stationed at a—standing at a stop light, but that's it."

[3] Additionally, although recognizing that we "previously [have] concluded than an objection based on relevancy fails to preserve [for appellate review] an objection regarding the admission of improper character evidence," the defendants ask that we reconsider our prior "position." "[I]t is axiomatic that one panel of this court cannot overrule the precedent established by a previous panel's holding. . . . This court often has stated that this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel. The reversal may be accomplished only if the appeal is heard en banc." (Citation omitted; internal quotation marks omitted.) *State* v. *Carlos P.*, 171 Conn. App. 530, 546 n.12,      A.3d      (2017).