******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CHRISTOPHER P. MCCLANCY ET AL. *v.* BANK OF AMERICA, N.A., ET AL.
## (AC 38568)

DiPentima, C. J., and Alvord and Bear, Js.

*Syllabus*

The plaintiffs sought to recover damages from the defendant bank for, inter alia, breach of contract, in connection with actions purportedly taken and promises allegedly made while the plaintiffs were attempting to modify the terms of a note and mortgage they had executed in favor of the bank. The bank sent the plaintiffs correspondence stating that their modification application was under review, but then subsequently transferred its servicing rights to another company. The plaintiffs never received a modification of their loan. The trial court granted the bank's motion for summary judgment as to all claims against it and rendered judgment thereon, from which the plaintiffs appealed to this court. On appeal, they claimed, inter alia, that the trial court erred in granting summary judgment when genuine issues of material fact existed with respect to their claims for breach of contract, negligent misrepresentation, reckless misrepresentation, and violations of the Connecticut Unfair Trade Practices Act (CUTPA) (§ 42-110a et seq.). *Held*:

1. The plaintiffs' claim that the trial court improperly granted the bank's motion for summary judgment when issues of material fact existed with respect to their breach of contract claims was not reviewable, the plaintiffs having failed to brief their claim adequately.

2. The plaintiffs could not prevail on their claim that the trial court erred in failing to determine that their breach of contract claim fell within a purported promissory estoppel exception to the statute of frauds; our courts have not established a promissory estoppel exception to the statute of frauds, and even if promissory estoppel could bar a statute of frauds defense, the plaintiffs failed to provide evidence that the bank made a promise to grant a loan modification once the required documentation was submitted, as the bank never offered and the plaintiffs never accepted modification terms, and the bank represented only that it would consider the plaintiffs' modification application once the plaintiffs submitted the required documentation.

3. The trial court properly rendered summary judgment on the plaintiffs' claim of negligent misrepresentation, the plaintiffs having failed to present evidence that the bank's representation that it would evaluate their loan for a possible modification was false when made; the record showed that the bank took steps to consider the plaintiffs' modification request while it was still servicing the loan, and evidence that the bank transferred the loan before making a decision on the modification, standing alone, was insufficient to establish that its prior representation that it would consider the plaintiffs for a loan modification was false when made.

4. The trial court properly rendered summary judgment on the plaintiffs' CUTPA claim, which was based on their claim that the bank acted in bad faith in its communications with the plaintiffs as they worked to submit a loan modification request and in transferring their loan during that process; the plaintiffs failed to present evidence raising a genuine issue of material fact about whether the bank engaged in unfair or deceptive practices or violated any identifiable public policy in association with the plaintiffs' loan modification application, as this court determined that the plaintiffs failed to present evidence of a promise made by the bank to modify their loan or that the bank misrepresented facts when it promised to review the loan for a possible modification, the note and mortgage did not obligate the bank to grant a loan modification, and the mortgage expressly gave the bank the right to transfer the loan servicing rights.

Argued May 22—officially released September 12, 2017

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Heller, J.*, granted the named defendant's motion for summary judgment, from which the plaintiffs appealed to this court. *Affirmed.*

*Kenneth A. Votre*, for the appellants (plaintiffs).

*Pierre-Yves Kolakowski*, for the appellee (named defendant).

*Opinion*

BEAR, J. In this litigation arising from an attempt to modify the payment terms of a promissory note and mortgage, the plaintiffs, Christopher P. McClancy and Loretta Giannone, appeal from the summary judgment of the trial court rendered in favor of the defendant, Bank of America, N.A.[1] On appeal, the plaintiffs claim that the court erred (1) in rendering summary judgment when genuine issues of material fact existed with respect to their breach of contract claim; (2) in failing to determine that the plaintiffs' contract claim fell within an exception to the statute of frauds, General Statutes § 52-550; (3) in rendering summary judgment when genuine issues of material fact remained with respect to their negligent and reckless misrepresentation claims; and (4) in determining that no genuine issues of material fact existed with respect to the plaintiffs' claim of a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA). We affirm the judgment of the trial court.

The following uncontested facts and procedural history are relevant to this appeal. On May 8, 2007, the plaintiffs executed a note to the defendant and a mortgage to secure that note in favor of the defendant on property in Darien.[2] The defendant serviced this home loan. In the summer and fall of 2011, the plaintiffs and the defendant communicated with respect to the possible modification of the plaintiffs' loan. After the plaintiffs, in November, 2011, had submitted a completed application for modification, on December 1, 2011, the defendant transferred its servicing rights to Bayview. In November, 2011, the defendant had given prior notice to the plaintiffs that this would occur and that Bayview would be responsible for continuing the modification discussions. Neither Bayview nor the defendant entered into a modification with the plaintiffs.

On June 26, 2013, the plaintiffs commenced this action against the defendant and its predecessor in interest for actions purportedly taken and promises allegedly made while the plaintiffs were attempting to modify their loan. In the operative complaint filed June 24, 2014, the plaintiffs alleged claims of breach of contract, negligent misrepresentation, reckless misrepresentation, intentional misrepresentation—fraud, violation of CUTPA, and civil conspiracy against the defendant and its predecessor in interest.[3]

On May 20, 2015, the defendant filed a motion for summary judgment on all claims against it and its successor in interest. In support of its motion, the defendant submitted the adjustable rate note dated May 3, 2007, made and signed by the plaintiffs, to the defendant; a mortgage deed dated May 3, 2007, recorded May 4, 2007, and signed by the plaintiffs in favor of the defendant;[4] a sworn affidavit of Tiffany Barnfield, assis-

tant vice president, senior operations manager for the defendant; excerpts from the March 9, 2015 deposition of McClancy; and excerpts from the March 9, 2015 deposition of Giannone.

The plaintiffs filed a memorandum in opposition to the motion for summary judgment. In support of the memorandum in opposition, the plaintiffs submitted an affidavit of McClancy, attached to which were a letter from the plaintiffs to the defendant's predecessor in interest dated June 16, 2011, authorizing an attorney to negotiate a modification of the loan on their behalf; letters from the defendant to the plaintiffs dated November 2, November 10, November 21, and two from November 25, 2011; and an assignment of the mortgage on the plaintiffs' property from the defendant to E*Trade. The November 10, 2011 letter informed the plaintiffs that the servicing rights to their loan would be transferred to Bayview effective December 1, 2011. The court rendered summary judgment on October 30, 2015. This appeal followed.

We start by setting forth the applicable standard of review. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Finally, the scope of our review of the trial court's decision to grant the plaintiff's motion for summary judgment is plenary."[5] (Internal quotation marks omitted.) *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 312–13, 77 A.3d 726 (2013).

I

The plaintiffs claim that the court erred in granting summary judgment on their breach of contract claims when genuine issues of material fact existed with respect to the existence of a contract.[6] The court concluded that the plaintiffs had failed to present evidence that there was a contract between the plaintiffs and the defendant with respect to a modification of any of the terms of the note or mortgage, or as an independent agreement. Additionally, the court reasoned the defen-

dant had the express right under the loan documents to transfer the note and mortgage at any time without notice to the plaintiffs and, therefore, it was not a breach of contract when it transferred its servicing rights.

We conclude that the plaintiffs' claim that there were genuine issues of material fact on their contract claim is inadequately briefed. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than [mere] abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed." (Citation omitted; internal quotation marks omitted.) *Grasso* v. *Connecticut Hospice, Inc.*, 138 Conn. App. 759, 768, 54 A.3d 221 (2012).

The section of the plaintiffs' brief devoted to breach of contract is a single paragraph, contains no case citations, and fails to provide an analysis demonstrating why the court's conclusions were incorrect. Other than to state in a conclusory manner that facts were in dispute, the plaintiffs failed to cite evidence in the record supporting their claim on appeal that genuine issues of material fact existed as to the court's determination that they failed to put forth evidence of a contract.

The plaintiffs' reply brief fares no better. Although they cite some evidence in the record and the statute of limitations for oral contracts, they still fail to analyze their claim by applying contract law to the evidence in the record. Consequently, based upon this inadequate briefing, we do not review this claim.

II

The plaintiffs also claim that the court erred in failing to find that their claims fell within an exception to the statute of frauds; specifically, promissory estoppel. We first note that our courts have not established a promissory estoppel exception to the statute of frauds. See *Glazer* v. *Dress Barn, Inc.*, 274 Conn. 33, 89–90 n.38, 873 A.2d 929 (2005) ("This court previously has not addressed whether promises that otherwise would be subject to the requirements of the statute of frauds may be enforced on promissory estoppel grounds in the absence of compliance with the statute of frauds; see 1 Restatement (Second) [of Contracts § 139 (1981)]; or whether a separate promise to put the agreement in writing may provide a basis to avoid the statute of frauds. See 10 S. Williston, [Contracts (4th Ed. 1999)] § 27:14, pp. 128–33; annot., 56 A.L.R.3d 1057 [1974 and Supp. 2004].") The doctrine of equitable estoppel accompanied by the doctrine of part performance on the contract, however, bars the assertion of the statute of frauds as a defense. Id., 60–63. We do not decide whether promissory estoppel bars the defense of statute of frauds because, even if it did, the plaintiffs failed

to provide evidence of the promise claimed to have been made.

"Under the law of contract, a promise is generally not enforceable unless it is supported by consideration. . . . [Our Supreme Court] has recognized, however, the development of liability in contract for action induced by reliance upon a promise, despite the absence of common-law consideration normally required to bind a promisor . . . . Section 90 of the Restatement [(Second) of Contracts] states that under the doctrine of promissory estoppel [a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. . . . A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all." (Citation omitted; internal quotation marks omitted.) *Stewart* v. *Cendant Mobility Services Corp.*, 267 Conn. 96, 104–105, 837 A.2d 736 (2003).

The plaintiffs' claim is based on a purported promise to grant a loan modification once the required documentation was submitted. Having determined that there was no promise by the defendant to grant a loan modification, the court did not reach whether an alleged oral contract fell under an exception to the statute of frauds. In making this determination, the court cited McClancy's deposition testimony in which he acknowledged that the defendant never offered terms for a loan modification and that he never accepted terms for a modification. The court also explained that McClancy's affidavit submitted in opposition to the motion for summary judgment did not support a claim that the defendant promised to modify the loan. McClancy averred in his affidavit that the defendant represented to him that he would be considered for a loan modification once he supplied the required documentation; this, the court determined, did not support his claim of a promise to modify the loan. We agree with the court that, as it set forth, the plaintiffs failed to present evidence of a promise to modify the loan.[7] Accordingly, there was no basis for a claim of promissory estoppel nor for any possible exception to the statute of frauds on that ground.

### III

The plaintiffs claim that genuine issues of material fact remain on their claims of negligent misrepresentation and, therefore, the court improperly rendered summary judgment.[8] The defendant argues that the plaintiffs failed to identify any specific representations made by

it, and any representations that were knowingly false. Additionally, the defendant argues that the plaintiffs' reliance on the transfer of the loan as a basis for this claim is ineffectual because it had the express right under the mortgage to transfer the loan.

"Guided by the principles articulated in § 552 of Restatement (Second) of Torts [our Supreme Court] has long recognized liability for negligent misrepresentation. . . . [Our Supreme Court has] held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. . . . Traditionally, an action for negligent misrepresentation requires the plaintiff to establish (1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false . . . (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Coppola Construction Co.* v. *Hoffman Enterprises Ltd. Partnership*, 309 Conn. 342, 351–52, 71 A.3d 480 (2013).

In the present case, the court determined that "the plaintiffs . . . presented, at best, evidence that [the defendant] represented to them that it would evaluate their loan for a possible modification . . . ." The court concluded, as do we, that the plaintiffs failed to present evidence that this representation was false when made. This representation appears to have been made in a November 2, 2011 letter to the plaintiffs.[9] In a letter dated November 10, 2011, the defendant notified the plaintiffs that the servicing of their loan would be transferred to Bayview effective December 1, 2011. In that letter, the plaintiffs were informed that, if they were being considered for a loan modification, all documentation would be forwarded to Bayview, Bayview would be making all decisions on qualification for foreclosure avoidance programs, the transfer could extend the time needed for such a determination, and that they should continue to make loan payments to Bayview after the transfer. The evidence presented by the plaintiffs indicates that throughout the month of November, 2011, while still servicer of their loan, the defendant continued to consider their materials and it informed the plaintiffs that more information was being gathered and that a specialist had been assigned to their request.

The plaintiffs failed to present evidence sufficient to raise a genuine issue of material fact that the representation was false when made. To the contrary, it appears that the defendant took steps to consider the plaintiffs' modification request while still servicing the loan. Standing alone, evidence that the defendant transferred the loan before making a decision on the modification is not evidence that its prior representation that it would consider the plaintiffs for a loan modification was false

when made. Consequently, the plaintiffs raised no genuine issue of material fact and the court properly rendered summary judgment on the plaintiffs' claim of negligent misrepresentation.

IV

The plaintiffs claim that the court improperly granted summary judgment with respect to their CUTPA cause of action, which is based on their claim that the defendant acted in bad faith in its communications with the plaintiffs as they worked to submit a loan modification request and in transferring their loan during this process. "[General Statutes §] 42-110b (a) provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citation omitted; internal quotation marks omitted.) *Ramirez* v. *Health Net of the Northeast, Inc.*, 285 Conn. 1, 18–19, 938 A.2d 576 (2008).

Having already determined that the plaintiffs failed to present evidence raising a genuine issue of material fact about whether the defendant made a promise to modify the loan or that the defendant misrepresented facts when it promised to review the loan for a possible modification, we determine that the plaintiffs' CUTPA claim is without merit. The note and the mortgage did not obligate the defendant to grant a loan modification, and the mortgage expressly gave the defendant the right to transfer the loan servicing rights. Accordingly, the plaintiffs failed to present evidence raising a genuine issue of material fact about whether the defendant engaged in unfair or deceptive practices, or violated any identifiable public policy in association with the plaintiffs' loan modification application.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiffs brought this action against Bayview Loan Servicing, LLC,

(Bayview), E*Trade Savings Bank (E*Trade), Bank of America and Bank of America Home Loan Servicing, LP. On July 1, 2011, Bank of America, and Bank of America Home Loan Servicing, LP merged, leaving Bank of America as the sole surviving entity and successor in interest. Summary judgment was sought by and rendered in favor of Bank of America, individually and as successor in interest to Bank of America Home Loan Servicing, LP. Bayview and E*Trade, therefore, are not parties to this appeal, and all references to the defendant herein are to Bank of America, individually and as successor in interest to Bank of America Home Loan Servicing, LP.

[2] In their recitation of the facts and in their complaint, the plaintiffs claim that the note was signed in favor of a different lender. The only evidence of the original note and mortgage in the record was provided by the defendant in its appendix. Both the note and mortgage contain the names of the plaintiffs and the defendant, and were executed, where required, by them. Additionally, the plaintiffs submitted a copy of the assignment of the mortgage from the defendant to E*Trade in 2012, recorded on the Darien land records, that refers to the recording of the mortgage provided by the defendant in its appendix.

[3] The plaintiffs on appeal do not raise any issues related to their intentional misrepresentation or civil conspiracy claims.

[4] The mortgage was also signed by a nonparty, Patricia G. McClancy.

[5] Citing *Bank of America*, *FSB* v. *Hanlon*, 65 Conn. App. 577, 581, 783 A.2d 88 (2001), the defendant asserts that the burden on appeal is on the party opposing summary judgment to demonstrate that the court's decision to grant the movant's summary judgment motion was clearly erroneous. Our Supreme Court expressly has disavowed this description of the law: "In reciting the applicable standard of review when a trial court's decision to grant a motion for summary judgment is challenged on appeal, the Appellate Court correctly stated that such review is plenary. . . . The Appellate Court, however, also stated that, '[o]n appeal . . . the burden is on the . . . party [opposing summary judgment] to demonstrate that the trial court's decision to grant the movant's summary judgment [motion] *was clearly erroneous*.' . . . We hereby disavow this latter statement as an inaccurate description of the law governing appellate review of summary judgment dispositions." (Citations omitted; emphasis in original; footnote omitted.) *Recall Total Information Management.*, *Inc.* v. *Federal Ins. Co.*, 317 Conn. 46, 51–52, 115 A.3d 458 (2015).

[6] The plaintiffs appear to assert that the court erred in dismissing their contract claims against all of the defendants. The court's decision applied only to the defendant individually and as successor in interest. Consequently, we cannot, and do not, address the contract claims against Bayview and E*Trade.

[7] To the extent that the plaintiffs' arguments can be read to raise a claim of promissory estoppel on the basis of any promise to consider a modification, that argument was not made before the trial court and, thus, we do not consider it. See *Shook v. Bartholomew*, 173 Conn. App. 813, 819, A.3d    (2017); see also Practice Book § 60-5.

[8] To the extent that the plaintiffs claim that the court improperly rendered summary judgment on their claims of reckless and intentional misrepresentation, we consider these claims to be abandoned for inadequate briefing because the plaintiffs have failed to set forth the applicable law or analyze these claims. See *Grasso* v. *Connecticut Hospice*, *Inc.*, supra, 138 Conn. App. 768.

[9] That letter states: "We recently received your request for financial assistance with the above captioned loan. Bank of America, N.A. understands your situation and would like to evaluate your financial situation in order to determine whether we can help you."